Hamilton, J.
Catherine Geyer, widow of Henry Clay Geyer, brought suit in the common *392 pleas court of Hamilton county to recover on a policy of life insurance issued by the defendant company on the life of her husband, who died November 1, 1915. Catherine Geyer has since died, and the case was revived in the name of plaintiff in error, her administrator.
The case was submitted on an agreed statement of facts, and the court found in favor of the defendant company, from which judgment error is prosecuted to this court.
The defendant company is a fraternal beneficial order, operating on the benefit assessment plan and the payment of semi-annual membership dues.
It is agreed that Geyer had paid all semi-annual membership dues to January 1, 1916, and all assessments levied for insurance up to and including assessment No. 128, which was paid by Geyer August 23, 1915; that on September 24, 1915, insurance assessment No. 129 was called by the defendant, which was due and payable on or before October 25, 1915; and that this assessment of two dollars was not paid or tendered on or prior to October 25, 1915, nor prior to his death, which occurred November 1, 1915, in an automobile accident, nor has said sum been paid or tendered since his death. It is further agreed that Geyer paid four insurance assessments after the dates upon which the same became due, but that neither the supreme council nor any of its members had any knowledge of the fact that Geyer had paid any of his assessments to the secretary-treasurer of the subordinate council after the time had expired within which he should have paid the same; and that the constitution and by-laws had been duly *393 and regularly adopted and were in full force and effect.
Proofs of death were made, and payment of the policy demanded, which was refused on the ground that failure to pay assessment No. 129 worked a forfeiture of all rights and 'benefits under the policy.
The question for determination is, Did the failure to pay assessment No. 129, as above set forth, preclude a recovery under the policy ?
It is urged by plaintiff in error that the law does not favor forfeitures and that by-laws providing therefor will be construed to avoid forfeitures if the language employed therein, considered in connection with the other by-laws, will admit of such construction.
As a general statement of the law, this is correct; but in applying this general rule to the instant case, will the language of the by-laws admit of such construction? •
Section 9469, General Code, provides:
“Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the- charter or articles of incorporation, of [or], if a voluntary association, the articles of association, the constitution and laws of the society and the application for membership and medical examination, signed by 'the applicant, and. all amendments to each thereof, shall constitute the agreement between the society and the member, and copies of the same certified by the secretary of the society, or corresponding officer, shall be received in evidence of the terms and conditions thereof, and any *394 changes, additions or amendments to such charter or articles of incorporation, or articles of association, if a voluntary association, constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the members and his beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership.”
Section 9481, General Code, provides:
“The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members.”
These sections clearly bind the members of the society, including Geyer, to the express wording of the constitution and by-laws.
Section 7 of the constitution and by-laws provides (page 56) :
“Any member who fails to pay fees, fines, costs, dues or any assessment charged • or levied against him, when and as the same become due and payable, shall immediately upon the happening of such default and by virtue thereof, become a delinquent member; and he and every person or persons claiming under him and by virtue of his membership and his certificate of insurance shall likewise at' the-time such default occurs and by virtue there *395 of, forfeit all right to indemnity and benefits of whatsoever character.”
This language is clear and unambiguous, and is •a part of the certificate of insurance.
Upon default of payment of assessment No. 129 ■on or before October 25, 1915, under section 7 of the constitution and by-laws", Geyer ipso facto became delinquent, and all rights under his certificate were forfeited. Under the terms of the bylaws a member thus delinquent may restore him'self to good standing by paying all sums due, before the next regular meeting of his subordinate council. On failure to make such payments the member shall be suspended. It will be noted that forfeiture of rights under the' certificate of insurance does not depend upon suspension, but' is dependent only upon delinquency. It is admitted that neither Geyer nor any one for him paid or tendered the sum assessed at any time after his becoming delinquent, and, under the by-laws, he was ° delinquent at the time of his death.
'Page 2 of the insurance certificate, under the head of■ “Delinquency,” stated:
“Should such delinquent member at any time regain his good standing as an insured member in the order, his restoration thereto shall in no wise operate to entitle him or any one claiming by, through or under him, or his membership, or his certificate of insurance to indemnity or benefits on account of any accident or injury received by him, while not in good standing, or on account of death resulting therefrom.”
*396 In applying Section 9469, General Code, in the case of Pete v. Woodmen of the World, 5 C. C., N. S., 446, the court say, at page 453:
“These stipulations in the application and certificate, together with the provisions of the laws of the association quoted, constitute the essential terms of the contract between the insured and the association, necessary to be considered by us, and by which the beneficiary is bound. It is well settled by the authorities that all of these rules, these laws of the order, constitute a part of the contract, binding upon the insured. And it is well settled by the authorities that under circumstances like these shown in the record here, the insured is conclusively presumed to have known what these laws were and what they required of him.”
To this effect was also the holding in the case of The Chevaliers v. Shearer, 6 C. C., N. S., 587.
We are therefore of the opinion that the trial court was correct in holding that all rights under the certificate of insurance were forfeited, and in finding in favor of the defendant.
■Plaintiff in error makes the further point that the defendant by reason of accepting payment of some four prior assessments, after the time limit, was estopped to insist upon forfeiture; that they do not claim a waiver, but undertake to distinguish between waiver and the common-law doctrine of estoppel.
Since waiver is not claimed by plaintiff in error, we are unable to see how the doctrine of estoppel could be applied in this case. • .If the defendant is estopped to claim a forfeiture of rights under the certificate of insurance it must be on the ground *397 that, by action or conduct, some of the provisions of .the constitution and 'by-laws, or some of the terms of the certificate of insurance, which provide for forfeiture, have been waived; since the provisions referred to are broad, comprehensive, clear and unambiguous.
In the case of the Order of United Commercial Travelers of America v. Young, 212 Fed. Rep., 132, the court clearly states the law on this question of waiver or estoppel. The first paragraph of the syllabus in that case is as follows:
“The secretary-treasurer of a local council of a fraternal insurance order has no authority to waive the constitution and by-laws of the order stipulating for payment to a beneficiary a specified sum on the death of a member in good standing, but that members shall be deemed in good standing so long only as they pay dues and assessments as they become due, and that any member failing to pay them at maturity shall, by virtue thereof, forfeit his good standing, and a practice between the local officer and a member thereof for the payment of dues and assessments after maturity is not binding on the order unless authorized or ratified.”
For the reasons above stated, and upon the authorities cited, the judgment will be affirmed.

Judgment affirmed'.

Jones, P. J., and Wilson, J., concur.