THE CATHOLIC LADIES OF COLUMBIA v. BUTLER.

*Beneficial insurance associations—Compliance with constitution and by-laws by member not presumed—Member initiated, dues paid and certificate issued, without medical examination.*

It cannot be conclusively presumed from the fact that a member of a beneficial insurance association applied for membership, was taken into the association, given the ritualistic work, and paid all fees and assessments, which were accepted, that all preliminary steps required to be taken by the constitution and by-laws, including medical examination, had actually been taken.

(Decided March 10, 1924.)

ERROR: Court of Appeals for Hamilton county.

Mr. *John Thompson*, for plaintiff in error.
Mr. *W. A. Maloney*, for defendant in error.

HAMILTON, J. Defendant in error, who was plaintiff below, brought her action against the Catholic Ladies of Columbia for the sum of five hundred dollars, claimed to be due her as a beneficiary, arising out of the membership of her deceased daughter in the said Catholic Ladies of Columbia, which is a beneficial insurance organization. The organization, composed of Catholic women, consists of a supreme council and numerous subordinate councils in the state of Ohio and elsewhere. Proof of the death of the daughter was made and payment demanded and refused.

The answer was a general denial.

The case was tried to the court and a jury.

Mutual Benefit Insurance, 29 Cyc. p. 233 (Anno.).

At the close of all the evidence, the defendant moved for an instructed verdict in its favor. No motion was made by the plaintiff with respect to the submission of the case.

Thereupon the trial court held there was no question of fact to be submitted to the jury, that under the undisputed facts there remained but a question of law, which the court determined in favor of the plaintiff, and instructed the jury to return a verdict in favor of the plaintiff for the amount claimed, with interest, and entered judgment on the verdict for that amount.

The organization prosecutes error to this court.

The record discloses the following stipulation of fact:

"It is admitted by counsel for defendant that the dues of Ethel Butler and all assessments were paid from December 8, 1920, and that at the time of her death, March 1, 1921, all dues and assessments then due and payable had been paid to the Financial Secretary of said Council No. 78, and by her retained and not reported to the Catholic Ladies of Columbia."

It is further stipulated that the dues and assessments were paid for the insurance class, and it is admitted that said Council No. 78 is a subordinate of the Catholic Ladies of Columbia.

No certificate of insurance was issued.

The decedent, Ethel Butler, signed an application for membership, in which she agreed to fully comply with the constitution and by-laws of the order.

Defendant claimed it was incumbent upon the plaintiff to prove the compliance by the deceased with the constitutional provisions with reference to a medical examination, as a prerequisite to the

right to a certificate of insurance; that she failed to show such compliance; and the defense produced evidence to the effect that no medical examination of the deceased applicant was had.

It is claimed, and it is not disputed, that the deceased was taken into the subordinate Council No. 78, given the ritualistic work, attended the meetings, and paid the dues and assessments to cover an insurance certificate. It is not disputed that the dues and assessments were not sent in to the Supreme Council, but were retained by the officers of the subordinate council, No. 78. The defense claims the payments were retained awaiting a medical examination.

The trial court took the view that the initiation of the deceased and the acceptance of the dues and assessments raised the presumption that all of the preliminary steps, required to be taken by the constitution and by-laws, including a medical examination, "were actually taken." In other words, that from the taking of one step under the provisions of the constitution and by-laws to entitle the member to the issuance of a beneficiary certificate it must be conclusively presumed that all the preceding steps required thereby had been taken. This is clearly erroneous. While the jury would have a right to infer from certain facts shown that other facts had taken place, yet it could not be said to be conclusively presumed therefrom that they had been so taken.

The constitution and by-laws of the order require that a candidate or applicant shall pass the medical examination required by statute. It provides for the examination by a local examiner, and, further,

that the local examiner shall make his report, which may be either written or oral; it provides for the classification of risks as defined by statute; and it provides for the forwarding of the same to the Supreme Medical Examiner and for his approval before the certificate may be issued.

The statute of Ohio, Section 9468, provides:

"Any society may admit to beneficial membership any person not less than sixteen and not more than sixty years of age, who has been examined by a legally qualified physician, and whose examination has been supervised and approved in accordance with the laws of the society."

It is therefore clear that a medical examination was required, and the subordinate council had no power to waive it. The examiner's report may be made orally. Evidence as to a medical examination is very meager, indeed, but there was a scintilla that would require a submission of the question to the jury. The duty of a beneficial member to comply with the constitution, rules, and by-laws of the order, to become a member in good standing, is fully discussed in the opinion in the case of *Geis, Admr.*, v. *Order of United Commercial Travelers of America*, 29 O. C. A., 475. While it is true that that case was determined on the question of the lapse of the certificate by reason of non-compliance with the constitutional provision, the reasoning would apply to this case, which involves the failure to comply with a constitutional provision as a prerequisite to the issuance of the beneficiary certificate.

Giving the defendant in error, plaintiff below, the benefit of the scintilla rule as to the proof of a

medical examination, we will remand the case to the Court of Common Pleas for a new trial.

*Cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.