TOWNSHIP OF CLEARWATER *v.* KALKASKA CIRCUIT JUDGE.

EXCEPTIONS—EXTENSION OF TIME—CIRCUIT COURT RULE.

Where no exceptions to the court's findings of fact and law were filed and no application for extension of time for said purpose was made within the four days provided by Circuit Court Rule No. 45, a motion thereafter made for an extension of time for said purpose, based on the ground of illness of the attorney, was properly denied where another attorney had been associated with him throughout the litigation, and in the meantime various steps looking to a review of the case had been taken.

Appeal and Error, 3 C. J. § 843.

Mandamus by the township of Clearwater to compel Fred S. Lamb, circuit judge of Kalkaska county, to vacate an order denying a motion for an extension of time within which to file exceptions to the court's findings of fact and law.    Submitted February 7, 1928; resubmitted March 27, 1928.    (Calendar No. 33,503.) Writ denied April 3, 1928.

*Turner & Boyd*, for plaintiff.

*John C. Shields* and *A. W. Penny*, for defendant.

NORTH, J.    The Central Land Company, a corporation, brought suit in ejectment against the township of Clearwater in the circuit court of Kalkaska county. The case was tried by the circuit judge without a jury, findings of fact and law were filed by the court September 28, 1927, and judgment in favor of the plaintiff was entered October 1, 1927.    Notice in writing of the entry of judgment was given forthwith to the attorneys of the defendant township.    No exceptions to the findings were filed; but on November 5, 1927, a motion was made by the defendant asking for further time within which to file exceptions to the court's findings of fact and law.    This motion was denied by the circuit judge, and it is now sought to compel by mandamus the granting of an extension of time within which to file such exceptions.

It is the claim of the plaintiff herein that the attorney representing it was seriously ill during practically all the period intervening between the entry of judgment and the making of the motion.    None the less, the trial court refused to grant the motion on the ground that he did not have the power to do so, since the exceptions were not filed within the four days provided by Circuit Court Rule No. 45, nor was there an application made within that period for an extension of time within which to file exceptions; and in his return to this petition for mandamus, incident

to the statement that he had no doubt of the illness of plaintiff's attorney as hereinbefore stated, the circuit judge pointed out that throughout this litigation the attorney who makes the claim of illness had associated with him another attorney who was conversant with this case.    At the time of settling the return a plea was made to this portion of it from which the claim appears that the partnership relation between these two attorneys had been dissolved some months before the determination of the ejectment suit and that the suit had been entirely in the charge of the attorney who was ill.    As against this claim it is evident that the circuit judge had before him the file in the case throughout which the attorneys seemed to have been of record as jointly representing the defendant.    Even the motion for the extension of time which was then before the court was presented in the name of both of the attorneys.    In addition to this it appears from the record that within the period during which counsel claims he was incapacitated by illness the plaintiff herein filed a bond incident to securing a stay of proceedings in the ejectment suit, paid the appeal fee, secured the certificate of the stenographer reciting that the record had been ordered in the ejectment case, and obtained an order for an extension of time within which to settle a bill of exceptions therein.    In the face of such a record the circuit judge was abundantly justified in denying plaintiff's motion for an extension of time, regardless of whether or not the court had the power to do otherwise, which it is unnecessary to determine herein because we are of the opinion that had the circuit judge ruled to the contrary, it would have been an abuse of discretion.

The application for the writ of mandamus is denied, with costs to the defendant herein.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.