FERRIS v. AMERICAN INSURANCE UNION.

1. EXCEPTIONS, BILL OF—EXTENSION OF TIME—STENOGRAPHER'S CERTIFICATE.

An order entered within 20 days after judgment, extending the time in which to settle a bill of exceptions, was properly made upon a showing by affidavit that a transcript of the testimony had been procured from the court stenographer but could not be reduced to form within 20 days, and, under the circumstances, was not void for failure to furnish the certificate of the stenographer, required by 3 Comp. Laws 1915, § 12634, that the transcript had been ordered and would be furnished.

2. APPEAL AND ERROR—EXCEPTIONS TO FINDINGS FILED WITHOUT LEAVE OF COURT NOT CONSIDERED.

Where defendant made no request for findings, proposed no special findings, presented no amendments to the findings made, and filed no exceptions within the time required by Circuit Court Rule No. 45, exceptions to findings thereafter filed without leave of court may not be considered by the Supreme Court.

On the question of full faith and credit provision as affecting insurance contracts, see annotation in 41 A. L. R. 1386.

On presumption as to time of death of one presumed to be dead after seven years' absence unheard of, see annotation in 26 L. R. A. (N. S.) 294; L. R. A. 1915B, 756.

3. SAME—QUESTIONS REVIEWABLE WHERE NO EXCEPTIONS TO FIND-
INGS FILED.

Where no exceptions were taken to the findings of the court
under Circuit Court Rule No. 45, review in the Supreme Court
is limited to assignments of error upon rulings admitting and
excluding evidence, if controlling of the result, and to the
question of whether the findings support the judgment.

4. SAME—OBJECTION THAT ASSIGNMENT OF ERROR IS MULTIFARIOUS
TOO TECHNICAL.

An objection that an assignment of error is multifarious and
should be rejected is too technical.

5. TRIAL—RULINGS ON EVIDENCE OFFERED NOT ERROR.

Rulings admitting and excluding evidence, *held*, without rever-
sible error.

6. INSURANCE—FRATERNAL BENEFICIARY SOCIETIES—MEMBER BOUND
BY AMENDMENTS TO SOCIETY'S LAWS.

Under 2 Comp. Laws 1915, § 9395, and Comp. Laws Supp. 1922,
§ 9100 (196), and identical provision in the insurance code
of Ohio, a Michigan member of an Ohio fraternal beneficiary
society agreeing, in his application, to be bound by the laws
of the society, is bound by valid amendments thereto subse-
quently adopted.

7. SAME—CONSTITUTIONAL LAW—MICHIGAN MEMBER OF FOREIGN
FRATERNAL BENEFICIARY SOCIETY BOUND BY ITS VALID LAWS.

Under the full faith and credit provision of the United States
Constitution, a beneficiary certificate issued by a fraternal
beneficiary society organized in Ohio to a citizen of Michigan
is governed by the laws of the society valid in Ohio, and such
laws may not be adjudged unreasonable and void in Michigan.

8. SAME—AMENDMENT OF FOREIGN SOCIETY'S LAWS OPERATIVE FROM
DATE OF FILING IN MICHIGAN—STATUTES.

An amendment to the laws of a fraternal beneficiary society or-
ganized in Ohio, which was filed with the Michigan commission-
er of insurance, although not within the 90-day period required
by Comp. Laws Supp. 1922, § 9100 (210), was operative in
Michigan, at least, from the date of filing.

9. DEATH—PRESUMPTION OF DEATH FROM ABSENCE—PRESUMED TO
BE LIVING UNTIL SEVEN YEARS HAVE EXPIRED.

The presumption of death from seven years' absence and un-
discoverable whereabouts is a rule of evidence, and such pre-

sumption does not relate back to the date of the disappearance, but in the absence of evidence the absent one is presumed to be alive until full seven years have expired.

10. INSURANCE—MEMBER DISAPPEARING AND FAILING TO REPORT LAPSES MEMBERSHIP.

An amendment to the laws of a fraternal beneficiary society organized in Ohio, providing that, if a member disappear and remain one year without reporting to the cashier of his chapter his whereabouts, his membership shall lapse and his certificate become null and void, being valid in Ohio and not in violation of any Michigan statute, is binding on a Michigan member, since under the Michigan law he is presumptively alive, and, therefore, capable of complying with said law.

Error to St. Clair; Law (Eugene F.), J. Submitted October 23, 1928. (Docket No. 50, Calendar No. 33,934.) Decided January 7, 1929. Rehearing denied April 17, 1929.

Assumpsit by Susan Marie Ferris against the American Insurance Union on a policy of insurance. Judgment for plaintiff. Defendant brings error. Reversed.

*J. D. Karns* and *B. W. Gearheart* (*Burt D. Cady* and *Samuel D. Pepper*, of counsel), for appellant.

*Shirley Stewart* (*Eugene F. Black*, of counsel), for appellee.

WIEST, J. Plaintiff, beneficiary in an insurance certificate, brought suit thereon in the St. Clair circuit, had judgment. and defendant reviews by writ of error.

Defendant is a fraternal beneficiary society, organized under the law of the State of Ohio, with its home office in that State, and a so-called chapter with a local cashier at the city of Port Huron, in this State. It issues benefit certificates to members complying with the provisions of its constitution.

The facts were in part stipulated and some testimony was taken. December 30, 1916, defendant society issued its certificate of insurance for $2,000 on the life of Selby James Ferris, payable to Susan Marie Ferris, his wife. July 10, 1918, Mr. Ferris disappeared from his home in the city of Port Huron, and has not been heard of since. January 9, 1923, the insurance had lapsed for nonpayment of premiums for the two preceding months, unless waived by previous dealings, and an application for reinstatement, purporting to be signed by Mr. Ferris, and so certified by defendant's local cashier, but in fact signed by Mrs. Ferris, was made and the unpaid premiums deposited with the cashier. This application was forwarded to headquarters by the cashier, who knew of the disappearance of Mr. Ferris, but without divulging that fact. Thereafter Mrs. Ferris paid the dues, and, at the expiration of seven years from the time of disappearance of her husband, brought this suit to recover the benefit, relying on the presumption of death of the insured. The defense was fraud in procuring the reinstatement, and that, under the laws of the society and the true facts, no valid reinstatement was had, and the insured had lapsed himself from membership by failure to comply with a law of the society we will later mention. The reinstatement, even if valid under the doctrine of waiver, is of little importance, for the other point governs. After suit defendant deposited with the clerk of the court all premiums received from the beneficiary. Upon trial the court found the facts, stated conclusions of law, and entered judgment for plaintiff.

Two questions of practice are presented and must first be considered. An order was entered within 20 days after judgment, extending the time in which to

settle the bill of exceptions, upon a showing, by affidavit, that a transcript of the testimony had been procured from the court stenographer, but could not be reduced to form within the 20 days. Plaintiff's subsequent motion to vacate the order on the ground that no certificate of the court stenographer, stating the transcript had been ordered and would be furnished, was filed, as required by 3 Comp. Laws 1915, § 12634, was denied. The court stenographer, having actually furnished the transcript to counsel for defendant, could not make a certificate in the language of the statute, and the showing made by affidavit was sufficient. The purpose of requiring the certificate is to inform the court that steps toward review are being promptly taken. The circuit judge was rightly guided by the sense of the statute.

Plaintiff requested findings, and the court found the facts and stated conclusions of law. Defendant made no such request, proposed no special findings, presented no amendments to the findings, and filed no exceptions within the time required by rule. Findings were filed and judgment entered April 9, 1928. June 7, 1928, defendant moved for an order granting leave at that time to file exceptions to the findings and attached proposed exceptions to the motion. The motion was denied. June 26th exceptions to the findings were filed without leave of court. The exceptions so filed cannot be considered. See Circuit Court Rule No. 45; *Township of Clearwater* v. *Kalkaska Circuit Judge*, 242 Mich. 263. This limits review to assignments of error upon rulings admitting and excluding evidence, if controlling of the result, and to the question of whether the findings support the judgment. The last question is presented by the ninth assignment of error.

Counsel for plaintiff contend that the assignment is multifarious and should be rejected. The point is too technical. We find no reversible error in rulings on evidence. This brings us to the question of whether the facts support the judgment.

In his application Mr. Ferris agreed in all respects to be bound by the laws of the society then in force or thereafter adopted.

In September, 1917, while the certificate was in force, and before the insured disappeared, defendant society amended its constitution as follows:

"Any member of the American Insurance Union who shall abscond, depart, or disappear from his home, or last place of residence, and remain one year, without reporting to the cashier of his chapter his whereabouts  *  *  *  shall thereby lapse himself from membership in the society and his certificate shall thereupon become null and void.

"No cashier, representative or officer shall receive from any person any monthly premium or chapter dues on account of any such person. Should any cashier or officer accept such premium in violation of this section, the society shall not be liable to such member or his beneficiary except for the return of the premiums paid from and after the disappearance of the member."

This amendment, if valid in this jurisdiction, served the purpose of preventing application of the presumption of death from disappearance and seven years unascertainable whereabouts, and also automatically rendered the policy null and void for failure of the insured (who was possibly dead) to notify the society of his new residence.

The circuit judge held that the contract was made in this State, and the validity of the amendment mentioned governed by the rule of law in this juris-

diction, and not foreclosed by any decision of a court of last resort in the State of Ohio, and adjudged the amendment unreasonable and void as to plaintiff's rights.

Plaintiff invokes the *lex fori* as evidenced by *Samberg* v. *K. O. T. M. M.,* 158 Mich. 568 (133 Am. St. Rep. 396), while defendant urges the *lex loci,* citing *Tisch* v. *Protected Home Circle,* .72 Ohio St. 233 (74 N. E. 188), and *McGovern* v. *Brotherhood of Locomotive Firemen and Engineers,* 12 Ohio C. C. (N. S.) 137, affirmed on authority of the *Tisch Case,* without opinion, in 85 Ohio St. 460 (98 N. E. 1128). Defendant invokes the full faith and credit provision of the Federal Constitution, and also contends that the insurance code of this State, enacted after decision in the *Samberg Case,* and in the particular here involved identical with the insurance code of Ohio, renders the holding in that case inapplicable.

The insurance code regulating the business of fraternal beneficiary societies, foreign and domestic, and in effect when Mr. Ferris applied for membership and now in force, is found, as first enacted (1913) in section 9395, 2 Comp. Laws 1915, and as re-enacted (1917) in Comp. Laws Supp. 1922, § 9100 (196). An identical provision appears in the insurance code of the State of Ohio, and, it is stipulated, has been in force there at least since 1915. The Michigan code reads as follows:

"Every certificate issued by any such society * * * shall provide that the certificate, the charter or articles of incorporation; or, if a voluntary association, the articles of association, the constitution and laws of the society and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the

member, and copies of the same certified by the secretary of the society, or corresponding officer, shall be received in evidence of the terms and conditions thereof, and any changes, additions or amendments to said charter or articles of incorporation, or articles of association, if a voluntary association, constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership.''

This language is comprehensive, declaratory of rights, restrictive of remedies, a recognition of self-enacted regulatory laws and permits invocation of such laws in this jurisdiction, and, unless contrary to public policy, decisive in litigation by a beneficiary. Under the statutes of both States, supplemented by express agreement of the insured to be bound by subsequent amendments to the laws of the society, plaintiff, beneficiary, is bound thereby.

The insurance codes of Michigan and Ohio, regulating fraternal beneficiary societies, have brought concord of laws on the subject here involved. Under the full faith and credit provision of the Constitution of the United States, a beneficiary certificate, issued by a fraternal beneficiary society, organized and existing under the laws of the State of Ohio, to a citizen of the State of Michigan, is governed by the laws of the society valid in the State of Ohio, and, in a suit in this State by the beneficiary, it may not be adjudged here that laws of the society valid there are unreasonable, and, therefore, void. The mutuality and unity of membership in such a nonprofit fraternal beneficiary society extends beyond State limits as between each member and the society, and

the constitution of the society, being valid in the State of domicile of the society, is to be held valid and binding everywhere, unless in contravention of statute. See *Mooney* v. *Brotherhood of Railroad Trainmen*, 162 Minn. 127 (204 N. W. 957), reversing the former holding in the same case (202 N. W. 341).

Plaintiff contends that defendant may not invoke the mentioned amendment to its constitution, made in September, 1917, because it failed to file with the commissioner of insurance of this State a certified copy of the amendment within 90 days after enactment thereof. The amendment was filed with the commissioner of insurance in March, 1920.

The statute (Comp. Laws Supp. 1922, § 9100 [210]) provides:

"Every society transacting business under this chapter shall file with the commissioner of insurance a duly certified copy of all amendments of or additions to its constitution and laws within ninety days after the enactment of the same. Printed copies of the constitution and laws as amended, changed or added to, certified by the secretary or corresponding officer of the society, shall be *prima facie* evidence of the legal adoption thereof."

This suit was commenced in March, 1927, and at that time the amendment had been on file with the insurance commissioner seven years. The statute provides no penalty for failure to comply, nor does it in terms suspend operation of an amendment until compliance. Actual notice of the amendment was given members in a publication put out by the society. We think the amendment operative, at least, from the date of filing.

In this jurisdiction, and perhaps all others, the presumption of death from seven years' absence and undiscoverable whereabouts is a rule of evidence, but

here we are committed to the doctrine that until the presumption of death obtains the assumption of life remains. *Beckwith* v. *Bates,* 228 Mich. 400 (37 A. L. R. 819); *Bailey* v. *Bailey,* 36 Mich. 181. At the time the constitution of the society was amended, as above mentioned, the insured was a resident of the city of Port Huron. For full seven years after his disappearance, there being nothing to show the contrary, the law assumed him to be living, and, therefore, capable of complying with the mentioned law of the society. At the expiration of seven years he was presumed to be dead, but, in the absence of evidence upon the subject, the presumption of death did not relate back to the date of his disappearance. Presumptively alive, he failed to comply with the law of the society, and automatically lapsed himself from membership, and the benefit certificate became null and void. This may be considered a hard rule, but we must remember that the society is a nonprofit one, and members sustain a mutual relation, make their own laws, and all are bound thereby if valid under the laws of the domicile of the society. Any other holding would destroy mutuality, favor some beneficiaries over others, and abolish uniform rights and remedies.

This is evidently what the Supreme Court of the United States had in mind in *Modern Woodmen of America* v. *Mixer,* 267 U. S. 544 (45 Sup. Ct. 389, 41 A. L. R. 1384), in making the following statement:

"The indivisible unity between the members of a corporation of this kind in respect of the fund from which their rights are to be enforced and the consequence that their rights must be determined by a single law, is elaborated in *Supreme Council of the Royal Arcanum* v. *Green,* 237 U. S. 531, 542 (35 Sup. Ct. 724, L. R. A. 1916 A, 771). The act of becoming

a member is something more than a contract. It is entering into a complex and abiding relation, and as marriage looks to domicile, membership looks to and must be governed by the law of the State granting the incorporation. We need not consider what other States may refuse to do, but we deem it established that they cannot attach to membership rights against the company that are refused by the law of the domicile. It does not matter that the member joined in another State."

The amendment was valid in Ohio. *Tisch* v. *Protected Home Circle, supra; McGovern* v. *Brotherhood of Locomotive Firemen and Engineers, supra,* violated no statute of this State, and, under the insurance codes of Michigan and Ohio, must be given effect.

The judgment is reversed, with costs of this court to defendant, and the case remanded to the circuit for entry of judgment in favor of plaintiff for the amount of the premiums paid after the disappearance of her husband.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.