## MOORE v. MOORE.

No. 2354.   Decided December 31, 1912 (129 Pac. 344).

1. DIVORCE—ENFORCEMENT OF DECREE FOR ALIMONY—FORECLOSURE OF LIEN. Where parties entered into an agreement in compromise of a judgment against the husband for alimony, whereby each was to deed to the other certain lands, conditioned upon the husband paying his wife forty dollars within two days, and by consent of the parties the wife's motion for an order to sell land, which was subject to her judgment, was continued to a day certain, and the husband refused to tender the forty dollars the wife was entitled on the date to which the continuance was taken to a decree that the land covered by her judgment lien be sold to satisfy the judgment.   (Page 145.)

2. DIVORCE—COLLATERAL ATTACK. A sale of land made under an order and judgment in a case in which the court had jurisdiction of the parties and subject-matter could not be assailed in a subsequent proceeding by the judgment debtor against the judgment creditor to enforce specific performance of a contract entered into between them in compromise of the judgment. (Page 146.)

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by John Moore against Harriet G. Moore.

Judgment for defendant.   Plaintiff appeals.

AFFIRMED.

*Jas. D. Pardee* for appellant.

*Smith* and *McBroom* for respondent.

This is an action for the specific performance of an agreement for the sale of real estate. The appeal is taken on the judgment roll.

The findings of fact made and filed in the case, so far as material to the question presented by the appeal, are as follows:

"That on the 5th day of February, 1906, there was an action pending in the district court of Salt Lake County, State of Utah, wherein Harriet G. Moore, the defendant in this action, was plaintiff, and John Moore, the plaintiff in this action, was defendant, and on the date last named this court made and entered its decree, whereby it was adjudged that the defendant in said action pay to the plaintiff therein the sum of twenty-five dollars on the 15th day of February, 1906, and the sum of twenty-five dollars on the 15th day of every month thereafter until the further order of said court. Said decree further provided that the defendant in said action pay to the plaintiff therein the sum of seventy-five dollars as attorney's fees for counsel in said action and that said sum of seventy-five dollars was to be paid on the 15th day of February, 1906. Said decree further provided that said defendant in said action pay to the plaintiff therein the sum of $20.70 as costs of court, which sum was to be paid on the 15th day of February, 1906. The court further finds that there was due and owing to this defendant from the plaintiff in this action on the 18th day of December, 1908, under the terms of said decree including attorney's fees and costs of court a sum in excess of $941, no part of which at that time had been paid. The court further finds: That by the terms of said decree the payments above referred to and all of them were made and declared to be a lien on the real estate hereinafter first described. That

said decree was duly recorded in the office of the county recorder of Salt Lake County, State of Utah, on the 7th day of February, 1906, in Book 2-J of Liens and Leases, at pages 206, 207. That the real estate last referred to is described as follows: (Here follows a description of the land by metes and bounds.) That said decree further provided that this court retain jurisdiction of said case for the purpose of enforcing the terms of said decree. That on the 5th day of December, 1908, the plaintiff in said action served upon the defendant therein a written notice notifying said defendant that on the 18th day of December, 1908, the plaintiff therein would move the court to make and enter its order adjudging and decreeing that the real estate hereinbefore described should be sold to pay the judgment that had theretofore been entered in said action as hereinbefore set forth in these findings, together with costs and expenses of said proceedings; and on the said 18th day of December, 1908, pursuant to said notice, the defendant in said action with his counsel, one Adam Duncan, an attorney at law of this court, appeared before the court for the purpose of participating in the hearing of said motion, whereupon and on the 18th day of December, 1908, the said plaintiff and the defendant entered into an oral compromise agreement, conditioned as hereinafter set forth, whereby it was agreed that the defendant in said action should convey by good and sufficient deed to the plaintiff therein thirty acres of land, the same being a part of the land before described in these findings and ·was as follows, to wit: (Here follows description of the land by metes and bounds.) And as a part of said agreement to compromise the plaintiff in said action agreed to convey by good and sufficient deed of conveyance to the defendant therein ten acres of land, situate in Salt Lake County, State of Utah, described as follows, to wit: (Giving description of land by metes and bounds.)

"The court further finds: That the plaintiff in said action agreed to convey the land hereinbefore described to said defendant with the express understanding and condition, and not otherwise, that the defendant in said action would pay

to the plaintiff therein the sum of forty dollars within two days after the 18th day of December, 1908. That said agreement of compromise further provided, among other things, that one of the chief objects of making said compromise agreement was that the plaintiff in said action would not be required to incur any additional expense in the sale of the real estate upon which said judgment constituted a lien as hereinbefore set forth to satisfy said judgment and costs, and, if the plaintiff in said action was required to expend further money or incur additional expense in the sale of said real estate to satisfy said judgment, then the plaintiff therein would not convey to the defendant therein the real estate as heretofore described in these findings. Said compromise agreement further provided that neither of said deeds were to be delivered to the respective parties until the said sum of forty dollars had been paid as before provided in these findings, then only on condition that the said plaintiff was not to incur any further indebtedness as hereinbefore provided; that both of said deeds were to be held by said attorneys, subject to the terms of said agreement of compromise as hereinbefore set forth and delivered in accordance therewith and not otherwise. That both of said deeds were executed and placed in the hands of the attorneys of the respective parties for the purposes heretofore set forth in these findings and not otherwise. That the plaintiff in this action neglected and refused to pay the sum of forty dollars within two days from the 18th day of December, 1908, or on or before the 8th day of January, 1909, or at any time, or at all. That the hearing of said motion in the case first referred to in these findings was by the court continued from the 18th day of December, 1908, to the 8th day of January, 1909, with consent of H. A. Smith, counsel for the plaintiff in said action, and Adam Duncan, counsel for the defendant in said action, and on the said 8th day of January, 1909, the district court of Salt Lake county made and entered its order and decree directing that the real estate upon which said judgment constituted a lien as before described in these findings should be sold in the manner pro-

vided by law in such cases made and provided to satisfy the judgment so rendered in said original cause, and the court further finds that said real estate was sold in partial satisfaction of said judgment under the terms of said decree. The court further finds that the defendant in said action neglected and refused to comply with the terms an conditions of the compromise agreement as set forth in these findings, and in consequence thereof the plaintiff in said action was compelled to and did incur and pay more than thirty dollars costs in causing the real estate to be sold to satisfy said judgment as before set forth in these findings. The court further finds that the defendant in said original action did not tender to plaintiff therein the said sum of forty dollars within two days from the 18th day of December, 1908, or at any other time on or before the 8th day of January, 1909, but that on or about the 4th day of March, 1909, Adam Duncan, who was then attorney for defendant in said action, went to the City and County Building at Salt Lake City, Utah, where H. A. Smith, who was attorney for the plaintiff in said action, was engaged in the trial of a case before the court, and offered to pay the said H. A. Smith and there produced forty dollars in cash on account of the transaction mentioned in these findings, which sum the said H. A. Smith then and there refused to accept. The court further finds that the plaintiff in said original action agreed with the defendant therein, and as a part of said oral agreement, that if he complied with all of the other terms and conditions of said oral agreement as before set forth in these findings, and not otherwise, that the said plaintiff would release the said defendant from all indebtedness which the said defendant was then owing or which should thereafter accrue as alimony theretofore awarded to the plaintiff from the defendant."

It is admitted in the pleadings that the defendant in this action, plaintiff in the former action, purchased the real estate here involved at the sale mentioned in the foregoing findings of fact.

As conclusions of law the court found: "That the plaintiff is not entitled to a judgment in this cause against the

defendant of any character, but that the defendant is entitled to a judgment against the plaintiff for the costs of this action."

A decree was entered in favor of defendant and against the plaintiff adjudging that "plaintiff is not entitled to a judgment of any character against the defendant . . . and that plaintiff has no cause of action against the defendant."

Plaintiff appeals.

McCARTY, J. (after stating the facts as above).

Appellant, in his assignment of errors, assails the conclusions of law and the decree on the ground that they are not responsive to and are not supported by the findings of fact, and that they are contrary to law. We think the assignment is without merit and should be overruled.

It appears from the findings of fact above set forth that in a former action between the parties to this action a decree was entered adjudging that this appellant, who was defendant in that action, pay to respondent a certain amount of money for costs and attorney's fees, and the further sum of twenty-five dollars per month thereafter until further order of the court. On December 18, 1908, there was, under the terms of the decree in that action, due and owing from appellant to the respondent herein the sum of $941, which, under the decree, became and was a lien on the thirty acres of real estate herein mentioned. On December 5, 1908, respondent served on appellant a notice in writing notifying him that she would on the 18th day of December, 1908, move the court for an order adjudging and decreeing that the tract of land referred to be sold to pay the judgment in said action. Appellant, pursuant to this notice, appeared in court with his counsel for the purpose of taking part in the hearing of the motion. On December 18, 1908, the oral compromise agreement mentioned in the findings of fact was entered into between the parties, and "the hearing of the motion . . . was by the court continued from the 18th

day of December, 1908, to the 8th day of January, 1909."
It further appears that. "the plaintiff (appellant) in this
action neglected and refused to pay the said sum of forty dol-
lars within two days from the 18th day of December, 1908,
or at any time or at all," and on the 8th day of January,
1909, the day to which the hearing of the motion was con-
tinued, the court "made and entered its order and decree
directing that the real estate upon which said judgment was
a lien . . . should be sold' in the manner provided by
law . . . to satisfy the judgment." It will be observed
that the hearing on the motion for an order and decree di-
recting the sale of the land in question was, by consent of
the parties, continued to a day certain and the matter held'
in abeyance by the court from December 18, 1908, until
January 8, 1909, to enable appellant to fulfill his part of
the compromise agreement. This he "neglected and' refused"
to do during the time the proceedings were thus temporar-
ily suspended by the court. Nor did he make any offer to
carry out the terms of the agreement until long after the
order and decree of sale was made. Respondent, therefore,
under these circumstances. there being no question raised
as to the regularity of the proceedings, was entitled to an
order and decree of court directing that the land covered
by her judgment lien be sold and that the proceeds of the
sale be applied to the payment of the judgment. Moreover,
to grant the relief asked for by appellant would' necessitate
the setting aside, or treating as an absolute nullity, the sale
made in pursuance of the order and decree mentioned. Ap-
pellant in effect concedes this, because in his prayer for re-
lief he asks "that the sale heretofore made by the sheriff of
Salt Lake County of said . . . land . . . be set
aside," etc.

No claim is made that the sale was irregular, or that the
court was without jurisdiction to make and enter the order
and decree under which it was made. In fact, all that ap-
pellant's petition or complaint contains on this point
is a recital that the sale was made in pursuance of an    2
order and decree of the court, and in the prayer of

the complaint appellant asks, as above stated, that the sale be set aside. The sale was made in pursuance of an order and decree made and entered in a cause in which the court had jurisdiction of the parties and of the subject-matter of the action. It cannot therefore be successfully assailed in a collateral proceeding. This would be so even though there were some informalities or irregularities in the proceedings leading up to and surrounding the sale. (24 Cyc. 38; 17 A. & E. Ency. L. 994, 999.) But, as we have stated, no such claim is made. A question similar to the one here involved was before the Supreme Court of Wisconsin in the case of *Tallman v. McCarty,* 11 Wis. 406, and that court, in a well-considered opinion, lays down what we think is the correct principle. It is there said:

"This is not a bill of revivor, but an original bill, and the question arises: Could the bank impeach the order or decree of sale in such collateral proceedings? We think not. Then only ground upon which it could do so would be by showing that it was an absolute nullity, either for want of jurisdiction of the subject-matter or the parties, or because the court had no power to make such an order in the action. Neither of these objections exist here. . . . No order which a court is empowered, under any circumstances in the course of a proceeding over which it has jurisdiction, to make, can be treated as a nullity merely because it was made improvidently, or in a manner not warranted by law, or the previous state of the case. The only question in such a case is: Had the court or tribunal the power, under *any circumstances*, to make the order or perform the act? If this be answered in the affirmative, then its decision upon *those circumstances* becomes final and conclusive, until reversed by a direct proceeding for that purpose. In the case before us it was for the circuit court to determine in the first instance when and how the authority with which it was invested to direct a sale should be exercised; and, if in so doing it committed an error, no matter how egregious, whether in the construction of a statute or otherwise, still the order was valid until reversed upon appeal. It was a mere error or irregularity which could only be taken advantage of by appeal, but cannot be inquired into in this proceeding."

In *Thompson v. Superior Court,* 119 Cal. 538, 51 Pac. 863, it is said:

"While the party seeking relief may resort to his bill in equity he may (and, indeed, it is said to be the preferable practice) apply by motion to the court which has decreed the sale, and in applying to such court he may base his application upon any equitable principle of relief which would give jurisdiction to a court of equity in any other case of sale—fraud, mistake, accident, or other ground of purely equitable cognizance."

Appellant not having alleged fraud or other cause which would as a matter of law vitiate the proceedings leading up to and ending in the sale, we are of the opinion that, if he thought he was entitled to have the sale set aside for any reason that would authorize the court in the exercise of its sound discretion to set it aside, he should by motion have applied to the court for such relief in the former proceedings.

The judgment is affirmed, with costs to respondent.

FRICK, C. J., and STRAUP, J., concur.