SPENCER v. CLARK.

No. 5275.   Decided March 10, 1919.   (179 Pac. 741.)

DIVORCE—APPLICATION TO VACATE FINDINGS—EFFECT ON TIME OF TAKING EFFECT OF DECREE. In view of Comp. Laws 1917, sections 3002, 6828, application or motion, made within six months after entry of divorce decree, to vacate findings for decree in divorce suit and to enter judgment in favor of movant, suspends all proceedings until court's disposition of such application or motion, and divorce does not become absolute until six months after such disposition.[1]

[1]*Boucofski* v. *Jacobsen*, 36 Utah, 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898.

Appeal from the District Court of Davis County, Second District; *Hon. A. E. Pratt,* Judge.

Action by Isaac Spencer against Smith Clark, executor of the last will of Mary E. Spencer, deceased.

Judgment for defendant. Plaintiff appeals.

REVERSED and REMANDED.

*Soren X. Christensen* and *Willey & Willey,* all of Salt Lake City, for appellant.

*George Halverson* of Ogden, for respondent.

WEBER, J.

Plaintiff brought suit against the executor of the last will and testament of Mary E. Spencer, deceased, to procure a decree declaring plaintiff to be the owner of certain real property described in the complaint. It is alleged, in substance, by plaintiff, that Mary E. Spencer died testate, and that the real property referred to had been deeded to her in 1896 by plaintiff, her husband, and that said conveyance was intended as a trust for the use and benefit of plaintiff, and was accepted as such trust by the said Mary E. Spencer. The answer admits the death of Mary E. Spencer, the appointment of defendant as executor, denies all the other allegations of the complaint, and alleges that in an action for divorce then pending in the district court of Davis county, wherein Mary E. Spencer, the deceased, was plaintiff, and Isaac Spencer (plaintiff herein) was defendant, the property described in the complaint herein was awarded to plaintiff by decree of said court. At the trial appellant produced the files and record in the divorce case, which showed that a complaint in divorce was filed August 27, 1914; that an answer was filed in due time, and on November 4, 1914, the trial was had, at which the issues were decided in favor of Mary E. Spencer,

the plaintiff in that case; and that she was awarded the property in question and granted an interlocutory decree of divorce, which would not become absolute until the expiration of six months from date of entry. The decree was filed February 6, 1915. On June 4, 1915, about four months after entry of the interlocutory decree, Isaac Spencer, defendant in the divorce proceeding and plaintiff herein, filed a motion to set aside the findings of fact and conclusions of law, for the reason that they did not conform to the testimony adduced at the trial, and that the findings were not supported by the evidence, and prayed that the interlocutory decree be vacated, and judgment rendered in favor of defendant and against plaintiff, Mary E. Spencer, March 18, 1916, there was a hearing on motions of both plaintiff and defendant to modify the decree, and the findings were modified and an amended decree filed May 16, 1916, and on July 14, 1916, another petition was filed by Mary E. Spencer, seeking further modification of the decree. December 15, 1917, the affidavit of Isaac Spencer, to the effect that Mary E. Spencer died September 1, 1916, was filed, and on motion of Isaac Spencer the divorce proceedings were dismissed by the court.

At the trial of this case the court refused to permit plaintiff to introduce testimony tending to prove the alleged trust pleaded in the complaint, and held that the interlocutory decree of divorce had become absolute, and that by said decree the plaintiff herein was estopped from claiming the property in question. Judgment was entered in favor of defendant, and plaintiff appeals.

The question involved in this case is: Did the appellant's motion to vacate the findings and decree, and to enter judgment in favor of defendant in the suit for divorce, prevent the divorce from becoming absolute in six months after the entry of the interlocutory decree? The statute (Comp. Laws 1917, section 3002) provides that—

"The decree of divorce shall become absolute after the expiration of six months from the entry thereof, unless proceedings for review are pending, or the court before the expiration of said period for

sufficient cause, upon its own motion or upon the application of any party, whether interested or not, otherwise orders.''

It is contended by the respondent that the motion made in the divorce case is not recognized by the statute as a mode of review, that it does not ask for a new trial, and that it is a ''nondescript.''

The motion made may be a ''nondescript,'' and difficult to describe; but the statute quoted above is so general in its terms that it is not necessary to give the motion a name, nor is any particular form of motion required by the statute. The court may, upon its own motion, ''or upon the application of any party, whether interested or not,'' change or modify the interlocutory decree. Appellant's motion to vacate the findings and decree was certainly an ''application,'' and sufficient to stay all proceedings, and thus prevent the divorce from becoming absolute until six months after the court disposed of the application or motion. The purpose of the statute is to prevent speedy divorces, to give ample time for reflection and reconciliation, and to prevent imposition upon the court. It therefore provides for a procedure without formalities, and an application by any party, whether interested or not. Even without the statute relating to divorce, the court, by virtue of Comp. Laws 1917, section 6828, has the power, at any time prior to notice of appeal being filed and served, or prior to a motion for a new trial, to add to or modify its findings in any respect, so as to conform to the issues and evidence; and when a motion for such modification is made within six months after the original judgment, the time for appeal, as held in *Boucofski* v. *Jacobsen*, 36 Utah, 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898, begins to run from the date the additional findings or conclusions are made and entered, not from the date of the original judgment or decree. In harmony with the divorce statute itself, and with the opinion expressed in *Boucofski* v. *Jacobsen*, supra, we hold that the appellant's application or motion in the divorce case suspended all proceedings till the court's disposition of such application or motion, and that the divorce could not become absolute until six months after May

16, 1916, the date of the disposition of appellant's motion, and that consequently the divorce had not become absolute on September 1, 1916, the date of the death of Mary E. Spencer.

It follows that the judgment should be reversed. It is so ordered, and the cause is remanded to the district court for further proceedings.

CORFMAN, C. J., and FRICK, GIDEON and THURMAN, JJ., concur.