SANDERS v. INDUSTRIAL COMMISSION et al.

No. 4187. Decided November 26, 1924. (230 Pac. 1026.)

1. DIVORCE—MARRIAGE WITHIN SIX MONTHS AFTER ENTRY OF INTERLOCUTORY DIVORCE DECREE HELD VOID. A marriage in Wyoming by divorced wife, whose husband was still living, within six months after entry of the interlocutory decree, and who

then returned to Utah to live with her pretended husband, was absolutely void in view of Comp. Laws 1917, §§ 3001, 3002, 3003, and 2967.

2. MASTER AND SERVANT—VALIDITY OF MARRIAGE OF APPLICANT FOR COMPENSATION, HELD PROPERLY PASSED ON BY INDUSTRIAL COMMISSION. In proceedings by alleged wife of decedent for compensation for his death, Industrial Commission did not err in passing on validity of her marriage contracted within six months after interlocutory decree of divorce, and in holding it void, as marriage was void ab initio, and that was simply a fact presented to Commission which could not possibly validate marriage, or in any way affect it.

3. MASTER AND SERVANT—"MEMBER OF FAMILY" HELD NOT TO INCLUDE WIFE BY VOID MARRIAGE. Applicant for compensation for death of decedent was not a member of decedent's family, where she was his wife by a void marriage; decedent being under no legal nor moral obligation to support her.

Proceedings by Ruby Clark Sanders under the Industrial Act for compensation for the death of O. R. Sanders, opposed by the Utah Fuel Company, employer. The Industrial Commission denied compensation, and claimant brings proceedings for review.

AFFIRMED.

*L. A. McGee*, of Price, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for Industrial Commission.

*Ferdinand Erickson*, of Salt Lake City, for Utah Fuel Co.

WEBER, C. J.

O. R. Sanders was fatally injured in the explosion of Castlegate mine No. 2, March 8, 1924. Thereafter Ruby Clark Sanders, claiming to be the widow of deceased, applied

See 19 C. J., p. 184; Workmen's Compensation Acts, pp. 57, 115.

to the Industrial Commission for compensation. Hearings

were had before the Commission, which denied the application for compensation, for the reason that the applicant was not the widow of the deceased. An application for rehearing having been denied, the proceedings were in due time brought here for review.

It is undisputed that Sanders was killed by reason of an accident arising out of or in the course of his employment while regularly employed by the Utah Fuel Company at Castlegate, Utah. It is also undisputed that the applicant and Sam Saris were divorced in 1923. Certified copies of findings of fact, conclusions of law, and decree in such divorce action are in the record. The decree is in the usual form, containing a provision that it shall not become absolute until the expiration of six months from date of the entry thereof, April 25, 1923.

The applicant introduced in evidence a marriage certificate issued at Evanston, Wyoming, June 16, 1923, evidencing a pretended marriage between O. R. Sanders and Ruby Saris on the last-named date; applicant and Sanders having gone to Evanston for the purpose of being married. Immediately after the ceremony they returned to Castlegate, where they resided as, and claimed to be, husband and wife up to the time of the death of Sanders.

The principal question is whether the Wyoming marriage was void or merely voidable in this state. Section 3001, Comp. Laws Utah 1917, is as follows:

"If, after the hearing of any divorce cause, the court shall be of the opinion that the divorce ought to be granted to either person, a decree shall be entered granting to such person a divorce; but the said decree shall specifically provide that it shall not become absolute until the expiration of six months from the date of its entry."

Section 3002:

"The decree of divorce shall become absolute after the expiration of six months from the entry thereof, unless proceedings for a review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion or upon the application of any party, whether interested or not, otherwise orders."

Section 3003:

"It shall be unlawful 'for either party to a divorce proceeding whose marriage is dissolved by the final decree provided for by § 3002, to marry any person other than the husband or wife from whom the divorce was granted, within the period allowed for an appeal from such final decree under the code of civil procedure, and if an appeal from such final decree be taken, until after the affirmance of such decree; and any marriage contracted in violation of the provisions of this section shall be null and void."

The statute is clear and plain. There is nothing to interpret, nothing to construe. "* * * Any marriage contracted in violation of the provisions of this section shall be null and void." As stated in 9 R. C. L. p. 442:

"The interlocutory judgment or decree does not itself dissolve the marriage relation. The final judgment alone dissolves the marriage, restores the parties to the status of single persons, and permits each to marry again."

Ruby Clark Sanders had an undivorced husband living at the time of the pretended marriage ceremony. Again the statute declares the pretended marriage void. Section 2967, Comp. Laws Utah 1917, provides:

"Marriages prohibted and declared void: * * * 2. When there is a husband or wife living from whom the person marrying has not been divorced; (3). When not solemnized by an authorized person, except as provided in § 2970; * * * 7. Between a divorced person and any person other than the husband or wife from whom the divorce was secured, within the period allowed for an appeal, and, if an appeal is taken, until after the affirmation of the decree of divorce."

Counsel for applicant argues that the Industrial Commission erred in passing on the validity of the marriage of the applicant to O. R. Sanders, and in holding the marriage to be void, for the reason that the Industrial Commission is a creature of statute, and has no judicial power to enable it to declare the marriage void, and that, it having been entered into by the parties in good faith, and recognized by them as legal, the Commission should have recognized its validity.

The marriage was a nullity from its inception, was void ab initio, and that was simply a fact which had been presented to the Industrial Commission, which could not possibly validate the marriage or in any way affect it. No other decree of court nor finding of any other body

was needed to determine that the Wyoming marriage cere-
mony was a nullity and could not be recognized as having
any legal status in Utah. Such a marriage could not be rati-
fied or validated in Utah, as claimed by plaintiff. Holding
each other out as husband and wife, believing in good faith
that they were legally married—all these things are of no
avail in this state, where common-law marriages are not valid,
and where marriages to be valid must be solemnized as by
statute provided.

The Industrial Act provides:

"The following persons shall be presumed to be wholly de-
pendent for support upon a deceased employé. * * *

"In all other cases, the question of dependency * * * shall
be determined in accordance with the facts in each particular
case existing at the time of the injury resulting in the death of
such employé, but no person shall be considered as dependent un-
less a member of the family of the deceased employé, or bears
to him the relation of husband or widow, lineal descendant, an-
cestor, or brother or sister. * * *" (Comp. Laws § 3140.)

Was the applicant a member of deceased's family? We
think this question must be answered in the negative. To
that effect are the authorities. Thus it is said in 29 C. J. 793:

"A person to be a member of a family must be a member in
good faith. A family cannot consist of a man and a woman
unlawfully married, or living together in adultery." (Citing
cases.)

Sanders was under neither legal nor moral obligation to
support his alleged wife. Their relationship was adul-
terous, and this the parties were presumed to know      **3**
when they contracted the void marriage. The Work-
men's Compensation Act does not create a right or impose
a liability growing out of such illegal relationship.

The order of the Industrial Commission denying compensa-
tion to applicant is affirmed.

GIDEON, FRICK, and CHERRY, JJ., and ERICKSON,
District Judge, concur.

THURMAN, J., did not participate herein.