## SALT LAKE CITY v. INDUSTRIAL COMMISSION et al.

No. 5367.   Decided June 22, 1933.   (22 P. [2d] 1046)

180

*Fisher Harris, W. A. Fraser,* and *Grant Macfarlane,* all of Salt Lake City, for plaintiff.

*Joseph Chez,* Attorney General, *Grover A. Giles,* Deputy Attorney General, and *Stephens, Brayton & Lowe* and *Calvin Behle,* all of Salt Lake City, for defendants.

FOLLAND, Justice.

This is an original proceeding to review an award of the Industrial Commission of Utah to Mrs. Alicia R. Poate. Frank W. Poate, an employee of Salt Lake City, a municipal corporation and a self-insurer, was fatally injured by drowning June 28, 1932, while in the course of his employment. The only question for determination is whether Alicia R. Poate was the lawful wife of Frank W. Poate at the time of his death.

The undisputed facts are that Alicia R. Poate brought suit for divorce in the district court of Salt Lake county against her husband, Frank W. Poate, which resulted in the granting, filing, and entering of an interlocutory decree of divorce on December 14, 1927. The decree was in the usual form, and recited, inter alia, the following:

"It is hereby ordered, adjudged and decreed, that an Interlocutory Decree of Divorce be herein entered in favor of the plaintiff and against the defendant which shall become absolute at the expiration of six months from the date hereof unless proceedings for a review are pending, or the court, before the expiration of said period, for sufficient cause upon its own motion or upon the application of any party whether interested or not, otherwise orders. * * *"

On May 14, 1928, before the expiration of six months from date of entry of the interlocutory decree, the court made the following order, which was signed and filed:

"It having been brought to the attention of the Court that there is a possibility of a reconciliation between the plaintiff and defendant, the Court upon its own motion hereby orders that the Interlocutory Decree in said cause entered in said action shall not become final until the 13th day of September, 1928. If, however, upon said 13th day of September, 1928, there being no further proceedings pending or no

further order herein, said Decree shall then upon said date become final. Dated this 14th day of May, 1928."

In the same court and by the same judge who granted the decree and made the previous order the following order was made and entered on September 25, 1928:

"On application of the above named parties personally appearing in open court, it is ordered that the judgment heretofore entered in the above entitled case and the default of the defendant herein be and the same is hereby set aside and the case dismissed."

After the making of the last-mentioned order, the parties resumed marital relations, and lived together as husband and wife until the death of Poate on June 28, 1932.

It was stipulated before the Industrial Commission that the terms of the district court of Salt Lake county ended as follows: The September term of 1927 on December 31, 1927; the January term of 1928 on March 31, 1928; the April term of 1928 on August 31, 1928; and the September term of 1928 on December 31, 1928.

The question involved is not complicated by the rights of children or of third parties, except that Salt Lake City asserts it is not liable to Alicia R. Poate as the widow for compensation for the death of Poate. The contention of the city is twofold: That the court was without power or right to extend the time for the divorce to become final and absolute as it did by its order of May 14, 1928, fixing September 13, 1928, as such final date; that it was in any event without power or right to set aside the default of defendant and the decree of divorce, and dismiss the action by its order of September 25, 1928, after the decree had become final and after the end of the term in which the decree was entered; and therefore it follows the parties were divorced by a decree entered in the December, 1927, term which became final June 15, 1928. The city does not contend that Mrs. Poate is not entitled to any compensation, but that she should have only such compensation as the commission may determine her entitled to as a dependent, if it finds as a fact

she is dependent, not to exceed the amount of alimony awarded by the decree of divorce.

The attack now made on the order or judgment of dismissal of the divorce action is collateral and not direct. *Mosby* v. *Gisborn,* 17 Utah 257, 54 P. 121. ■ Whether it be regarded as a judgment or an order need not concern us, for the rule applicable is the same in either instance, as stated in 42 C. J. 560, as follows:

> "General rules governing collateral attacks on judgments, in so far as applicable, apply to a collateral attack on an order. Where it appears on the face of the record that an order is void for want of jurisdiction over the subject matter, it may be collaterally attacked by any person who is not, for any reason, estopped from questioning its validity. But where an order is not void, it cannot be collaterally attacked, although it may be irregular and erroneous, as being made in violation and disregard of the rules of practice, or not justified by the facts, or improvidently granted, or fraudulently obtained.
>
> "In a collateral proceeding the prima facie presumption is in favor of the validity and regularity of an order."

Before the city, a stranger to the record, can successfully attack the order setting aside the decree of divorce and dismissing the action, the record on its face must show lack of jurisdiction in the court (a) of the subject-matter; (b) of the parties; or (c) to make the particular ■■ order. 34 C. J. 514; 34 C. J. 529; *Green* v. *James,* 147 Okl. 273, 296 P. 743. A judgment or decree of divorce, not void on its face, may not be impeached collaterally. *Corbett* v. *Corbett,* 113 Cal. App. 595, 298 P. 819. The same must be true as to an order or judgment of dismissal or annulment of a divorce decree. The burden to establish invalidity is on the party making a collateral attack, and every presumption will be indulged in support of the order. 34 C. J. 537; 19 C. J. 175; 1 Black on Judgments, § 270. Jurisdiction of the subject-matter and of the parties is not questioned, but only the court's power to make the particular orders which are challenged. If the order of May 14th extending the time for the divorce to become final and abso-

lute was made in excess of jurisdiction, then the decree as originally entered became final on June 15th, and the order of September 25th was made three months after such date of finality, after time for appeal had expired, and more than six months after adjournment of the term at which the decree was entered, so that the court was without the provisions of section 6619, Comp. Laws Utah 1917, which extend the court's power to correct or modify judgments to a reasonable time, not exceeding six months, after the adjournment of the term. If, however, the order of May 14th was valid, and may be said to be the equivalent of a new decree, the order of September 25th was made within a reasonable time or less than a month after the adjournment of the term at which the new or amended decree was filed and entered.

Did the court have jurisdiction to make its order of May 14th extending the date of finality to September 13th? We think it had. The decree, in pursuance of the statute, Comp. Laws Utah 1917, § 3002, provided that the decree of divorce "shall become absolute after the expiration of six months from the entry thereof, unless proceedings for a review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion or upon the application of any party, whether interested or not, otherwise orders." That such an interlocutory decree of divorce may be prevented from becoming absolute and its finality postponed by the filing of a motion to vacate the findings of fact and decree was decided in *Spencer* v. *Clark*, 54 Utah 83, 179 P. 741. That case also held that the time for appeal in such case would begin to run from the date of the new or additional findings and decree, and not from the date of the original judgment or decree. It would follow from the doctrine of that case, as well as under the plain language of the statute, that the court on its own motion may modify an interlocutory decree at any time before it becomes final or absolute. Where that is done, the time for appeal com-

mences to run from the date of the entry of the new or modified decree. The wording of the statute and of the decree is in effect that the divorce shall become absolute at the expiration of a six-month period from date of entry, "unless * * * the court before the expiration of said period, * * * otherwise orders." The court did otherwise order by making its order of May 14th extending the date of finality to September 13th. That in so doing it acted within its jurisdiction we have no doubt, and the date of the modified decree became the date of the decree for purposes of appeal or by which to measure the jurisdiction of the court over it. Whether the new or modified decree is required by the statute to fix the date when it becomes absolute at six months from the date of entry, or may be fixed at some other period short of that time as was done in this case, is not before us, and need not be decided. It is sufficient to say that with the amendment as made a new decree came into existence for the purpose of fixing a starting point for the running of statutory time and as affecting the jurisdiction of the court over the same. Irregularities or informalities, if any, in connection with the making of the order, cannot affect the question of jurisdiction on collateral attack. *Moore* v. *Moore,* 42 Utah 140, 129 P. 344; 34 C. J. 527; 9 R. C. L. 456.

Under the provisions of Comp. Laws Utah 1917, § 6619, the control by a court over its orders, proceedings, or judgments is extended for a reasonable time—not to exceed six months—from the adjournment of the term, for the purposes mentioned in the section. On appeal or by other direct attack, the court would inquire into the sufficiency of the application or showing made to invoke the discretionary power of the court under this section, but on collateral attack it is sufficient that the jurisdiction continued to permit action by the court. The law seems to be settled that a court has no power to set aside or vacate a judgment not void on its face, unless the motion is made within the time fixed by section 6619. *Lees* v. *Freeman,* 19

Utah 481, 57 P. 411; *Dell* v. *Superior Ct.*, 53 Cal. App. 436, 200 P. 85. An exception to this rule is made by some courts where the action is for divorce and the motion is made by both parties, in the absence of intervening rights by third parties. *Githens* v. *Githens*, 78 Colo. 102, 239 P. 1023, 43 A. L. R. 547. We need not go to the extent of holding as did the court in *Githens* v. *Githens* that the court which granted the divorce has inherent power at any time after the decree is rendered to set aside and annul the decree on application of both parties where the rights of only the parties themselves are concerned or affected thereby, for the reason that here the application was made and decree set aside and the action dismissed within the time provided by section 6619.

The reasons given for the liberal use of powers by courts with respect to setting aside of divorce decrees is in harmony with enlightened public sentiment and the time-honored policy of the law which favors a continuance of marriage relations and the reconciliation of the parties where possible even after suit brought or decree entered. *Githens* v. *Githens*, supra; *Olson* v. *Superior Ct. of Merced County*, 175 Cal. 250, 165 P. 706, 1 A. L. R. 1589. Similar reasons support the exercise of liberal powers by the courts of this state under our statute in suspending or extending the date of finality after an interlocutory decree is entered. In *Spencer* v. *Clark*, supra, the court said: "The purpose of the statute is to prevent speedy divorces, to give ample time for reflection and reconciliation, and to prevent imposition upon the court. It therefore provides for a procedure without formalities, and an application by any party, whether interested or not."

In our consideration of the case thus far we have assumed that the judgment or order may be open to attack on the grounds urged by the city, and that we might consider the fact, which does not appear on the face of the record in the divorce case, of the dates when terms of the district court of Salt Lake county begin and end. That

the order of dismissal was after the adjournment of the term in which the decree was entered does not appear on the face of the record, and such defect, if it be one, cannot be supplied by judicial knowledge. *Felt* v. *Cook*, 31 Utah 299, 87 P. 1092. A judgment of a court of record is not void on its face unless the defects which render it void appear in the judgment roll. *Hamblin* v. *Superior Ct.*, 195 Cal. 364, 233 P. 337, 43 A. L. R. 1509. The matter of the beginning and ending of terms of the court is not part of the judgment roll. Comp. Laws Utah 1917, § 6867, as amended by Laws of Utah 1925, ch. 52, p. 112. Indeed, the judgment roll was not introduced in evidence, but only certified copies of the decree and subsequent orders. Not anything is made to appear therein as to when the terms of court end.

The order of the district court of Salt Lake county setting aside the decree and dismissing the action of *Poate* v. *Poate* is not void on its face, and must be regarded as valid for purposes of this proceeding. It may be remarked that Salt Lake City acquired no rights, claims, or interests ■ which accrued to it before the making of the order of dismissal which would be injuriously affected by the enforcement of such order. The parties themselves did not question its validity, and in good faith resumed marital relations and regarded themselves as having never been divorced. Each of the parties to the divorce action would be estopped to question the validity of the order, and we cannot see that Salt Lake City is in any better position to question it.

The award of the Industrial Commission of Utah is affirmed, with costs to the defendants.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.