IN RE JOHNSON'S ESTATE.
JOHNSON v. JOHNSON.

No. 5428. Decided August 21, 1934. (35 P. [2d] 305.)

A. C. *Cole,* of Bingham Canyon, and *L. B. Wight,* of Salt Lake City, for appellant.

*Preston Thatcher,* of Bountiful, and *Geo. A. Faust,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

This case was submitted to the trial court upon a stipulation of facts. The controlling facts as thus exhibited are: That the plaintiff, Ethel Atkinson Johnson, and Harry Theodore Johnson entered into the marriage relation November 23, 1925. Mrs. Johnson instituted an action for divorce against her husband, and an interlocutory decree of divorce was entered in her favor on February 25, 1932. This decree, among other things, recites that the defendant in the divorce action entered his appearance, waived time within which to plead to the complaint, and consented that, "If judgment be awarded, judgment may be entered against him for the sum of $10.00 a month as alimony for the support and maintenance of the plaintiff," and for attorney's fees and costs. By the decree it is "ordered, adjudged and decreed that the plaintiff, Ethel Atkinson Johnson, be and hereby is granted an interlocutory divorce from the defendant, Harry T. Johnson, dissolving and cancelling the marriage contract heretofore existing between them, and that said divorce shall become absolute and final after the expiration of six months from the date this decree is signed, unless the same be set aside, modified or appealed from." It further provides that "plaintiff have judgment against the defendant for the payment of $10.00 per month as alimony for her support and maintenance," and for attorney's fees and costs.

On March 20, 1932, just a month and fifteen days after the entry of said divorce decree, Mr. Johnson died. On April

18, 1932, twenty-nine days later, decedent's brother, Edwin W. Johnson, who is defendant in the action on appeal, was appointed administrator of the estate of Harry T. Johnson, deceased, and duly qualified as such administrator. No appeal was taken in the divorce action, and no motion or order made therein until May 27, 1932, when an order was made on the motion of the plaintiff dismissing said divorce action and setting aside and annulling the interlocutory decree of divorce. This order recites that the plaintiff had shown to the court that the defendant, Harry T. Johnson, died on March 20, 1932, and the plaintiff moved the court for a dismissal. This order of dismissal was filed June 2, 1932. On May 14, 1932, the plaintiff herein filed her petition for the removal of the defendant Edwin W. Johnson as administrator of the estate of Harry T. Johnson, and for the appointment of her nominee, Hazel Platt, as administratrix. The estate consists of the proceeds of a life insurance policy on the life of Harry T. Johnson payable to his estate.

Upon the foregoing evidence the trial court entered judgment in favor of the plaintiff and revoked the letters of administration theretofore issued to the defendant Edwin W. Johnson, and appointed Hazel Platt, plaintiff's nominee, as administratrix. It is from this judgment that defendant appeals.

The assignments of error raise the question as to whether the plaintiff herein is the widow of the decedent, and whether she is entitled to have letters of administration issued to her or her nominee. Whether she was the wife of said decedent at the time of his death depends upon the effect to be given to the interlocutory decree of divorce then in effect. Counsel for appellant rely on the case of *Parsons* v. *Parsons,* 40 Utah 602, 122 P. 907, as sustaining their position to the effect that the interlocutory decree entered February 5, 1932, was a final judgment which dissolved the marriage contract, and, inasmuch as no action was taken by the plaintiff during her husband's lifetime to modify or vacate said decree, she was not his wife at the time

of his death. We think that the opinion rendered in the Parsons Case does not support the contention urged by the appellant. It simply holds that an appeal will lie from an interlocutory decree of divorce, and that for the purpose of appeal such decree is a final judgment. All matters adjudicated therein are finally determined by such decree, and cannot be reviewed upon an appeal from the final decree.

By the express provisions of Comp. Laws Utah 1917, §§ 3001 and 3002, now Rev. St. Utah 1933, §§ 40-3-6 and 40-3-7, the decree granting the divorce shall not become absolute (or final) until after the expiration of six months from the date of its entry. The entry of the decree, therefore, does not at once terminate the marriage relationship and give to the parties the status of single persons. *Sanders* v. *Industrial Com.*, 64 Utah 372, 230 P. 1026; *Utah Fuel Co.* v. *Industrial Com.*, 65 Utah 100, 234 P. 697. That relation is dissolved when the decree becomes final. Under the authority of these cases, Harry T. Johnson was the husband of the plaintiff up to the time of his death. The statute, section 40-3-7, supra, also provides that the decree of divorce shall become final at the expiration of six months from its entry, unless "the court before the expiration of said period for sufficient cause upon its own motion or upon the application of any person, whether interested or not, otherwise orders." The effect of this section was passed upon by this court in the case of *Spencer* v. *Clark*, 54 Utah 83, 179 P. 741, wherein the facts involved were very much similar to those in the instant case. There the divorce action was dismissed after the death of the plaintiff on motion of the defendant at a time when the interlocutory decree had not become final. This case was cited with approval by this court in the case of Salt Lake City v. *Industrial Com.* (Utah) 22 P. (2d.) 1046. Under the doctrine of these cases and under the plain language of the statute, the court had jurisdiction to vacate the interlocutory decree at any time before it became final and thus prevent the decree from becoming final. The death of the

defendant before the decree became final would be sufficient ground for vacating the decree of divorce, as no final judgment could be entered against a deceased person and no one could be substituted for him in such an action.

It is further contended by appellant that, since the decree of divorce provided for the payment of alimony in the sum of $10 per month, this was such a property settlement between the parties to the decree as to preclude the plaintiff from having any interest in the estate of her deceased husband, and having no interest in his personal estate, she would be disqualified from administering his estate under Comp. Laws Utah 1917, § 7596, now Rev. St. Utah 1933, § 102-4-1. The decree itself is silent on the matter of property settlement or division. The awarding of alimony in the decree in this case cannot be said to be an adjudication of property rights so as to preclude plaintiff from having an interest in the deceased husband's estate as his widow. Alimony is based on the common law obligation of the husband to support his wife. *Friedli* v. *Friedli*, 65 Utah 605, 238 P. 647. Primarily it signifies, not a certain portion of his estate, but an allowance for her subsistence. *Bialy* v. *Bialy*, 167 Mich. 559, 133 N. W. 496, Ann. Cas. 1913A, 800. It therefore is essentially different from a division of property. *Johnson* v. *Johnson*, 57 Kan. 343, 46 P. 700; *Sinkler* v. *Sinkler*, 49 N. D. 1144, 194 N. W. 817. Whether an award of alimony may not be considered as a property division under any circumstances, we do not decide. We simply hold that the award involved in this case did not constitute a property division.

Since the plaintiff was the wife of Harry T. Johnson at the time of his death, it would naturally follow that she became vested with every right which the law grants to the surviving spouse. *Gloyd* v. *Superior Court*, 44 Cal. App. 39, 185 P. 995. Under the provisions of Comp. Laws Utah 1917, § 7596, now section 102-4-1, supra, she was entitled to have letters of administration of the estate of the deceased issued to her as a matter of

right, in the absence of a showing of some good and sufficient reason to the contrary. *In re Pingree's Estate,* 74 Utah 384, 279 P. 901; *In re Owens' Estate,* 30 Utah 351, 85 P. 277; *In re Slater's Estate,* 55 Utah 252, 184 P. 1017. A person having a preference right may nominate another to assume the administration of the estate. R. S. Utah 1933, § 102-4-3. Obviously, where a person having a preferred right nominates a competent person, the appointment of such nominee is mandatory. Under section 102-4-3, supra, where a preferred person fails to apply for letters of administration within three months after the death of the decedent, letters must be granted to any interested applicant. In this case plaintiff applied for letters of administration within three months after the death of the decedent. The trial court therefore committed no error in revoking the letters of administration issued to the defendant and in directing letters of administration to be issued to the plaintiff's nominee, Hazel Platt.

The judgment of the district court is affirmed. Respondent to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.