# ANDERSON v. ANDERSON.

No. 7693.  Decided February 18, 1952.  (240 P. 2d 966.)

See 55 C. J. S., Marriage, sec. 43. Marriage invalidity affected by belief as to death or divorce terminating prior marriage. 35 Am. Jur., Marriage, sec. 150; 144 A. L. R. 747. Alimony, remarriage affecting, 17 Am. Jur., Divorce and separation, sec. 657; 6 A. L. R. 2d 1296.

*Merrill C. Faux,* Salt Lake City, for appellant.

*Sidney G. Reid, James A. Stump,* Salt Lake City, for respondent.

WOLFE, Chief Justice.

The outcome of this action for modification of an alimony award depends upon the weight and effect to be given the presumption of validity of a second marriage. In 1920, the defendant was married to Stanley C. Fossell and resided with him in Elko, Nevada. Pursuant to an understanding with her husband, she left him in Nevada and moved to Price, Utah. She heard from and communicated with her husband approximately one year after her arrival in Price. Thereafter she heard nothing more, and was informed by a mutual friend that he had died. On May 27, 1926, she was granted a divorce in the District Court of Carbon County. A copy of the summons and complaint had been mailed to Mr. Fossell at Elko, but the files in that prior divorce suit do not reveal whether these documents were unclaimed, delivered or returned.

The defendant married the plaintiff, Mr. Anderson, in Grand Junction, Colorado, 48 days (July 14, 1926) after

her Fossell divorce decree was granted. Section 3002 of the Compiled Laws of Utah, 1917 (then in force) provided that:

"The decree of divorce shall become absolute after the expiration of six months from the entry thereof  *  *  *."

Two children were born as a result of this marriage. In 1936 the parties became estranged and the defendant refused to live with her husband. He continued to support her until 1948 when she was granted a divorce. The divorce decree provided for an equitable distribution of the property, support money for the care of the children and an alimony award of $50.00 per month. In 1950 the present suit was brought by Mr. Anderson to vacate only the alimony award on the basis that the parties had never been legally married.

The plaintiff's position is that there was no valid marriage between the parties, because the defendant, unbeknown to him, had married him during the interlocutory period of her prior divorce. But the defendant contends, this was only because she believed her former husband to be dead at that time; that she had not heard from him for four or five years and has not to this day determined where or when or if he died. The plaintiff contends that since the defendant in the present suit, Mrs. Anderson, filed her suit for divorce against Mr. Fossell, it must have been on the supposition that he was then alive and hence it does not lie in her mouth to now urge that he was then dead. After a short statement read into the record by opposing counsel as to what their client's testimony would be, the trial judge, sitting as the fact finder, ruled in plaintiff's favor and concluded:

"That the court does not find and cannot presume from the statements of fact, offers of proof, and pleadings that Stanley C. Fossell was *deceased* on July 14, 1926."

The order, awarding defendant alimony, was therefore vacated and set aside.

The decision of the trial court cannot be sustained. When plaintiff in the present suit asserted that his marriage to the defendant was invalid, it became his duty to establish such invalidity,

"by evidence which negatives the effective operation of every possible means by which a dissolution of such prior marriage could have been effected." *In re Pilcher's Estate,* 114 Utah 72, 197 P. 2d 143, 148, quoting from *Holman* v. *Holman,* Tex. Com. App., 288 S. W. 413, 414.

In this case there are two possible means by which the Fossell marriage could have been dissolved—by divorce and by death. The plaintiff proved that the defendant did not have capacity to contract the second marriage based on her divorce from her first husband, because she remarried within the interlocutory period. On that basis the second marriage is void. *Sanders* v. *Industrial Commission,* 64 Utah 372, 230 P. 1026. But another possibility was the death of Stanley C. Fossell sometime prior to July 14, 1926. It was not defendant's burden to prove that he was dead. It was for the plaintiff to prove that he was alive. The fact that defendant took inconsistent views by obtaining a divorce from her first husband presumably because he was alive, then remarrying 48 days later because as she now asserts, she thought her first husband was dead, does not compel her to assume the burden of proving that he was dead. The divorce decree is some evidence of what she believed at that time, but it does not estop her from now asserting that she then believed Mr. Fossell to be dead. In fact, her proffer of proof is to the effect that she was advised by an attorney and by the district judge who granted the divorce, that she should obtain a divorce to clarify her marital status, even though she informed them that she did not know for sure whether or not Mr. Fossell was still living.

The fact that Stanley C. Fossell may have been alive after July 14, 1926 was a possible reason why the Anderson marriage was not valid. In order to prevail, the plaintiff had to prove this fact. This is

so because the presumption of the validity of the second marriage

"is one of the strongest disputable presumptions known in law. * * *" "It is not to be broken in upon or shaken by a mere balance of probability." *In re Pilcher's Estate*, 197 P. 2d at page 148.

In the *Pilcher* opinion, there is a quotation from *Griggs* v. *Pullman Co.*, Mo. App., 40 S. W. 2d 463, 464, which states:

"The evidence for the purpose of repelling it [the presumption of the validity of the second marriage] must be strong, distinct, satisfactory, and *conclusive.*"

Conclusive means final, decisive, excluding all other conclusions. The other adverbs are weaker and are swallowed up by the word conclusive. This word imposes too great a burden of proof upon the assailant of the validity of the second marriage. It is therefore rejected. In its stead we employ the clear and convincing rule, in order to give effect to the statement quoted above, that the presumption of the validity of the second marriage is one of the *strongest disputable* presumptions known in law. The clear and convincing burden of proof is defined by this court in *Greener* v. *Greener*, 116 Utah 571, 212 P. 2d 194.

There are cases which hold that a presumption of death arises at the expiration of seven years unexplained absence, but during such period the presumption of life continues. *Goodier* v. *Mutual Life Ins. Co.*, 158 Minn. 1, 196 N. W. 662, 34 A. L. R. 1383 and Annotation at 1389; *Ferris* v. *American Ins. Union*, 245 Mich. 548, 222 N. W. 744, 65 A. L. R. 1033; *Tyrrell* v. *Prudential Ins. Co.*, 109 Vt. 6, 192 A. 184, 115 A. L. R. 392. Although on July 26, 1929 Mr. Fossell was absent unexplainedly for only four years, this presumption does not aid the plaintiff because the possibility that Mr. Fossell was still alive on July 14, 1926 is only important in this case insofar as it affects the validity of the second marriage. And whether

that presumed validity be attacked by showing that there was no divorce, or that the second marriage was solemnized during the interlocutory period, or that the first husband was still alive, the heavy burden of proving such invalidity in each instance rests upon the assailant. Thus the presumption of the validity of the second marriage prevails over the presumption of the continuance of the first marriage where there is no clear and convincing evidence that death or divorce did not dissolve the first marriage. See Annotations 34 A. L. R. 464, 77 A. L. R. 729, 14 A. L. R. 2d 7.

"And this is so even though the time elapsing between the last knowledge of the former spouse and the second marriage is less than seven years." 14 A. L. R. 2d at page 42.

The trial court's finding that it "cannot presume * * * that Stanley C. Fossell was deceased on July 14, 1926" seems to indicate that that was considered to be the issue before the court. This is erroneous. The issue was whether or not he was alive. If this be thought to merely state the same problem in a different manner, then it remains for us to determine whether the evidence satisfies plaintiff's burden of proving that Mr. Fossell was alive at the time that defendant and plaintiff became married. The only evidence to this effect is that defendant was granted a divorce less than two months prior to the second marriage. This is insufficient. Plaintiff contends that certain inconsistencies in the defendant's pleadings show that she does not really know when she last heard from Mr. Fossell and that her allegation that he probably died about 1920 cannot possibly be correct. But this lack of knowledge on defendant's part does not constitute evidence tending to prove that he was alive in 1926. Plaintiff's argument in this regard only serves to enhance our conclusion that the trial court ruled against the defendant because of its erroneous belief that the defendant had the burden of proving that her first husband

was dead. The judgment is reversed. Costs awarded to appellant.

WADE, McDONOUGH, and CROCKETT, JJ., concur.

HENRIOD, Justice.

I dissent, and in doing so respectfully suggest that the majority of the Court has inventoried the facts in this case in a light most favorable to the unsuccessful party, contrary to our established rule. The appellant sued Fossell for divorce, pleading and testifying under oath that he was then alive. In that case the Clerk mailed a copy of summons and complaint to Fossell at an address furnished by appellant and "there was no record of the name having been unclaimed, not delivered, or returned". A decree of divorce was entered based on the facts and records initiated by appellant herself. In an amendment filed 2 days before the trial of the present case, she collaterally attacked that decree and offered to prove it was her belief based on a hearsay statement of a friend, that Fossell was dead. This court, and the authorities generally, prohibit such a collateral attack.[1] Even if permitted, such attack could not be supported by inadmissible opinion and hearsay evidence. The decree and the finding therein that he was alive should remain inviolate and binding until successfully attacked in a proper proceeding, by strong evidence calling for equitable relief,—and the burden rests with him who levels such attack.

The majority opinion overlooks these principles by failing to discuss them, and renders lifeless the previous divorce decree. The respondent introduced into evidence the previous decree of divorce, based upon findings of fact showing Fossell to be alive. The files and records of the previous case, which were before the court in this case,

---

[1] *Salt Lake City* v. *Industrial Commission*, 82 Utah 179, 22 P. 2d 1046. See also 3 A. L. R. 535.

showed that process was mailed to Fossell and that the same was not returned, raising a presumption that he received it, and justifying the logical conclusion that he was alive. It would be difficult for respondent to present anything more, never having known or seen Fossell, an admitted non-resident, and a quarter century having elapsed since Fossell's status as a human being became important. Certainly the showing made here ate deeply into, if it did not actually devour, the presumption indulged in by this court, that the second marriage was valid. The trial court, in determining the issues in respondent's favor, must have considered such presumption to have been rebutted successfully. Irrespective of such conclusion, if we are going to indulge in presumption to determine the rights of litigants, the presumption that decrees of courts are binding until successfully destroyed in a proper proceeding, historically and fundamentally is as strong or stronger, and requires as great or greater proof to overcome than a presumption of validity of a second marriage. It is difficult therefore to discern how the majority opinion can defend the idea that appellant has no burden of proving that Fossell was dead, when he was found to be alive by a court of competent jurisdiction, in an action where the appellant invited such finding by testimony under oath.

It is significant that none of the cases cited in the opinion involves a presumption which would have the effect, as here, of completely destroying an erstwhile binding decree of a court of competent jurisdiction. If reliance is had on the invalidity of a previous decree, as was attempted by appellant here, such invalidity first should be determined in a proper proceeding, before substituting proof with mere presumption. There is complete failure of proof that the previous divorce decree was void, such that violence is done to the principle that there must be some finality to a court decree, and it should remain sacred until proven unholy in a proper action by him who claims it void.[2] It is difficult

[2]Freeman on Judgments, 5th ed., Vol. 1, sec. 305, p. 602.

to believe that we have arrived at a point where mere presumption can destroy the decree of a court,—but in the opinion of the writer the decision in this case reaches that result.

There is no escape from the fact that this decision reverses a trial court's findings and conclusions, by use of a presumption, where at least some evidence supports the trial court's decision and rebuts the presumption. Nor is there any escape from the fact that this decision, by using the device of a presumption, effectively and successfully renders impotent and nugatory an otherwise binding decree of a court of competent jurisdiction, upon which there has been made an unpermitted collateral attack, and then only by way of an offer to introduce inadmissible opinion and hearsay evidence.