265 P.2d 1005

In re HARPER'S ESTATE.

ANDERSON v. HARPER.

No. 8049.

Supreme Court of Utah.

Jan. 21, 1954.

Chris T. Praggastis, John Elmer Stone, Salt Lake City, for appellant.

Fred L. Finlinson, Salt Lake City, for respondent.

LEWIS, District Judge.

The parties herein are Peter B. Anderson as Administrator of the Estate of Fred W. Harper, deceased, appellant, and Zilpha D. Harper, respondent. The appeal is taken from a decree of the trial court determining title to certain real property to be vested in respondent as the survivor of a joint tenancy. The question presented is concerned with the effect of death of one of the parties in a divorce action when such death occurs after the entry of the divorce decree and before the decree becomes final pursuant to Secs. 30-3-6, 7.[1] The facts are stipulated.

Fred W. Harper, now deceased, and respondent, Zilpha D. Harper were married to each other in 1927. No issue was born to the marriage and the only property accumulated consisted of a home held by Mr. and Mrs. Harper as joint tenants. In 1949 Fred W. Harper divorced respondent, the decree providing that title to the home should vest, by virtue of the decree, entirely in Fred. W. Harper. The decree was entered December 24, 1949. On June 7, 1950, Fred W. Harper died. On June 19, 1950, Mrs. Harper filed a petition in the divorce action alleging the fact of Mr. Harper's death and praying that the divorce decree be vacated. The petition was heard ex parte and forthwith and the trial court on the same day (June 19) entered its order vacating the divorce decree and dismissing the divorce complaint. No further proceedings were had in the divorce action.

In May, 1951, Mrs. Harper filed a petition under the provisions of Sec. 104-59-1, U.C.A.1943 (now Sec. 78-41-1, U.C.A. 1953)[2] asking for a decree vesting title to

1. Section 30-3-6, U.C.A.1953 provides: "If after the hearing of any divorce cause the court is of the opinion that the divorce ought to be granted to either person, a decree shall be entered granting to such person a divorce; but the decree shall specifically provide that it shall not become absolute until the expiration of six months from the date of its entry." Section 30-3-7, U.C.A.1953 provides: "The decree of divorce shall become

absolute at the expiration of six months from the entry thereof, unless an appeal or other proceedings for review are pending, or the court before the expiration of said period for sufficient cause upon its own motion or upon the application of any person, whether interested or not, otherwise orders."

2. Section 78-41-1, U.C.A.1953 provides "If any person has died * * * whose death terminated * * * a life estate * * * or affected * * * a joint tenancy * * * or affected * * *

the property in her as the surviving joint tenant. Due notice of this hearing was given to appellant as Administrator of the Estate of Fred W. Harper and to all other parties known to have an interest in the proceedings. From an order granting Mrs. Harper's petition and adjudicating her to be the sole owner of the property this appeal is taken.

 This court has many times held that the marriage relationship is not terminated by the *entry* of a decree of divorce and that the dissolution occurs when the decree becomes final pursuant to Sec. 30-3-7, U.C.A.1953.[3] When the death of one of the parties occurs after the entry of a divorce decree and before the decree is final the decree becomes ineffective to dissolve the marriage, death having terminated that personal relationship. However, the occurrence of death does not abate the action itself and to the extent that property rights are determined by the decree it remains effective and becomes final in the same manner and at the same time as one between living persons.

 At any time before a decree of divorce becomes absolute, the court may, upon its own motion or the motion of any person, vacate the decree for sufficient cause.[4] This statutory power does not allow the court to vacate a decree without legal cause nor without giving all persons whose rights are involved an opportunity to be heard. In Rasmussen v. Call, 55 Utah 597, 188 P. 275, 276, this court in considering substantially the same statutory provision stated:

"True, in section 3002, supra, proceedings to review the decree upon the court's own motion are mentioned; but it was not within the contemplation of the Legislature that sufficient cause could be determined to exist without an opportunity given to the parties interested to be heard in defense of any rights granted by the interlocutory decree. 'Sufficient cause' means legal cause. To deprive plaintiff of the rights given her by the interlocutory decree without notice and without opportunity to be heard is not due process

any other interest in property other than an estate of inheritance vested in such person at the time of his death, any person interested in the property in which the estate or the interest determined or affected by such death was held or any person interested in the title thereto, may file in the district court of the county in which the property or some part thereof is situated in verified petition, setting forth the facts with respect thereto and particularly describing the property and his interest therein and

naming all persons who claim or might claim an interest therein so far as known to the petitioner. Notice of the hearing on such petition shall be given * * * as the court * * * shall direct * * *. After such notice the court shall hear such petition * * * and shall make and enter judgment establishing the facts of such death and the effect thereof upon the title to and ownership of such property."

3. Supra, note 1; In re Johnson's Estate, 84 Utah 168, 35 P.2d 305.

4. Sec. 30-3-7, supra, note 1.

of law; in fact, it is without any process."

The reasoning of the Rasmussen case is applicable to the instant case. All the property rights granted Fred W. Harper by the divorce decree vested, upon his death, in his heirs or devisees, subject to the statutory limitations of the decree itself and applicable probate procedures.

The death of a party before the decree becomes absolute may under some circumstances be sufficient cause to vacate the decree in its entirety. Other factors, such as the welfare of minor children, may in some instances warrant a different disposition of property. In each case the court must give each person whose rights are involved the opportunity to be heard.

In Salt Lake City v. Industrial Commission, 82 Utah 179, 22 P.2d 1046 and In re Johnson's Estate, supra, both of which interpret the statutory provisions herein considered, neither the matter of notice nor the disposition of property was directly considered or discussed. However, to the extent the decisions in those cases indicate approval of ex parte orders as the basis for vacating divorce decrees affecting property rights we expressly overrule the holdings.

The order in the divorce case of June 19, 1950, purporting to vacate the original divorce decree, is void and was properly attacked by appellant in the instant proceedings. The judgment of the lower court, being based upon the void

order of the divorce court, is therefore reversed and the case remanded with directions to dismiss the petition without prejudice and allow the parties to be heard upon the merits in the divorce action should they so desire. Costs to appellant.

McDONOUGH, CROCKETT and WADE, JJ., concur.

WOLFE, C. J., not participating.

HENRIOD, J., having disqualified himself, did not participate herein.