## In re ROBISON'S ESTATE.

No. 3705.  Decided February 2, 1922.   (204 Pac. 321.)

1. APPEAL AND ERROR—EXCEPTION TO REFUSAL TO PERMIT REOPEN-
ING OF CASE HELD SUFFICIENT EXCEPTION TO GRANT OF NONSUIT.
Where, after the court had indicated that it would grant a
motion for a nonsuit, petitioners' attorney asked leave to re-
open the case and submit additional proof, and, upon denial
of the application, excepted, the exception went to the sustain-
ing of the motion for a nonsuit, as well as to the refusal to per-
mit the case to be reopened.

2. APPEAL AND ERROR—FAILURE TO EXCEPT TO RULING NOT GROUND

FOR DISMISSING APPEAL. The failure to take an exception to a ruling granting a nonsuit would not authorize a dismissal of the appeal, but at most could only prevent the court from considering the ruling as error.

3. EXECUTORS AND ADMINISTRATORS—ON PETITION TO REVOKE LETTERS, ERROR TO GRANT NONSUIT, THOUGH COURT NOT IMPRESSED WITH TESTIMONY. In a proceeding to revoke letters of administration, a motion for a nonsuit admitted for the purposes of the motion, the facts which the testimony tended to establish, and presented only a legal question, and, where there was evidence in support of the petition, it was error to grant the motion, though the court may not have been impressed with the testimony, and, if defendants had rested, might not have felt justified in making findings on such evidence in favor of the petitioners.

4. EXECUTORS AND ADMINISTRATORS—DISTRICT COURTS HAVE WIDE DISCRETION IN CONDUCT OF ESTATES. District courts are, and as a matter of necessity must be, given a wide discretion in the conduct of estates, and should not be limited or restricted unnecessarily.

5. EXECUTORS AND ADMINISTRATORS—STATUTES HELD NOT TO LIMIT COURT'S DUTY TO REVOKE LETTERS FOR FAILURE TO INCLUDE PROPERTY IN INVENTORY. Comp. Laws 1917, §§ 7733 and 7734, authorizing proceedings to compel delivery to the administrator of property withheld from him, does not limit the court's duty to revoke letters of administration, under section 7627, because of the failure of the administrator to include in his inventory, under section 7635, property in the possession of himself or others.

Appeal from District Court, Fifth District, Millard County; *W. F. Knox*, Judge.

Proceeding for the revocation of letters of administration on the estate of Almon Robison, deceased. From a judgment dismissing the petition, the petitioners appeal.

REMANDED, with directions.

See, also, 59 Utah 215, 203 Pac. 340.

*King & Schulder*, of Salt Lake City, for appellants.

*James A. Melville, Jr.,* and *W. E. Rydalch,* both of Salt
Lake City, for respondent.

GIDEON, J.

Almon Robison died intestate in Millard county, this state,
on February 12, 1919. He left an estate consisting of both
real and personal property. The deceased died without issue.
His heirs are his widow, brothers, sisters, nephews, and nieces.
The widow did not desire to be named administratrix, and
upon her petition the respondent, Parker Robison, a nephew,
was, in the month of March, 1919, appointed administrator of
the estate. The respondent entered upon his duty, and in due
time filed an inventory and appraisement, and proceeded
with the administration of the estate. In January, 1921,
certain heirs petitioned the court for revocation of the letters
of administration issued to the respondent, and that letters
be issued ''to some competent disinterested person of suffi-
cient business capacity and ability to properly administer
said estate.''

The petition alleges as reason for the revocation that the
administrator wrongfully and unlawfully left out of said in-
ventory and appraisement certain property belonging to the
estate. Then follows a list of that property, consisting of one
automobile, Liberty Bonds, money, and certain bank stock,
having a total value in excess of $30,000. It is stated in the
petition that all of the property at the date of the death of
the intestate, and at the time of the appointment of the ad-
ministrator, and at the time of filing the inventory, was part
and parcel of the property of the estate. It is further set
out that the administrator wrongfully permitted the widow,
Josephine Robison, to take and hold 30 shares of the bank
stock, and that the administrator wrongfully kept for him-
self an additional 30 shares, and had, since the death of the
intestate, received the dividends on such stock; that the
widow claims all the remaining property named in the peti-
tion.

Two separate answers were filed, one by the administrator

and one by Josephine Robison, the widow. Mrs. Robison was not, however, a party to this proceeding and has filed no brief in this court. The answer of the administrator is quite lengthy, but in effect is a denial of all the allegations of the petition save that the respondent is the administrator, and that, as required, he filed an inventory. It denies that he omitted to include in the inventory and appraisement all property belonging to the estate, and alleges that he has proceeded in all good faith in the administration of the estate. There are other allegations in the answer which are wholly unnecessary for a determination of the question presented by the petition. The administrator claims title to 30 shares of the bank stock in question by reason of services and work performed by him for the deceased covering a period of more than 10 years, and that the said services so rendered were reasonably worth the sum of $6,000, that being the agreed value of the stock. It is stated in the answer that the deceased transferred and delivered the stock to him personally in consideration of such services, and of love and affection. Both the answer of the administrator and that of the widow claim that the remaining property set out in the petition is the property of the widow, and that the same was set over and transferred to her as a gift by the deceased prior to his death, in consideration of the love and respect which he entertained for her.

A reply was filed by the petitioners which we deem it unnecessary to further refer to.

At the close of the testimony on the part of the petitioners the administrator interposed a motion for a nonsuit, enumerating numerous grounds upon which said motion was based, the principal grounds stated in the motion being: (a) No evidence that the property in question belonged to the deceased during his lifetime; (b) no evidence that the administrator wrongfully or unlawfully, or at all, appropriated to himself any of the property of the estate, and especially 30 shares of the capital stock of the State Bank of Millard County; (c) no evidence that the administrator (respondent) permitted the widow to retain in her possession any property

belonging to the estate, nor is there any evidence to show any mismanagement, neglect, or waste, or that the administrator has claimed or does claim any property which is adverse to the petitioners in this case or to the other heirs of the estate.

The court sustained the motion and dismissed the petition. From that order this appeal is prosecuted by the petitioners.

Before proceeding to a consideration of the merits it is necessary to determine respondent's motion to dismiss the appeal. At the close of petitioners' testimony a motion for a nonsuit was interposed. The court indicated that it would grant the motion. Immediately thereupon the attorney for petitioners asked leave to reopen the case and submit additional proof, and stated somewhat in detail the proof he proposed to offer. In addressing the court after the motion for nonsuit had been sustained, counsel for petitioners said:

"Before the formal order is entered, we ask leave of the court, at this time to reopen the case, and to present further testimony to the court in support of the petition."

The court denied the application, and upon that ruling petitioners' counsel excepted. It is now insisted upon the part of respondent, that, as counsel for petitioners took no exception to the ruling sustaining the motion for a nonsuit, that ruling is not before this court for review. It is quite apparent from the record that it was the intention of counsel for the petitioners to except both to **1, 2** the ruling of the court sustaining the motion for a nonsuit and to the refusal of the court to permit them to reopen the case. No formal judgment had been entered at the time application was made to reopen the case. In any event, failure to take an exception would not authorize a dismissal of the appeal. At most it could only deny the right to this court to consider that ruling as an error. The motion to dismiss the appeal will be denied, and the case will be determined upon the merits.

The proceedings are instituted under section 7627, Comp. Laws Utah 1917. In that section it is provided that—

"The court may at any time suspend any administrator or executor; and may, upon citation, revoke the letters of any administrator upon petition  *  *  *  for neglect, mismanagement, waste,

\*  \*  \*  or for any other reason deemed sufficient by the court."

By section 7635 it is made the duty of the administrator or executor to make and return to court a true inventory and appraisement of all the estate which has come to his possession or knowledge, and, if, subsequent thereto, other property is found, to file a true inventory and appraisement of that property and return the same to the court.

The motion for nonsuit presents a legal question only. It is analogous to a demurrer to the evidence. It admits, for the purposes of the motion, the facts which the testimony tends to establish. Without attempting to set out or review the testimony offered in support of the petition, it must suffice to say that it was sufficient to withstand a motion for nonsuit. Had the respondent seen fit to rest and submit the case for final determination, and had the court thereupon made findings of fact, a different situation would be before this court for review. The testimony offered, considered in connection with the principles of law governing the administration of estates and the duties and qualifications of administrators, required the court to overrule the motion, to hear any testimony offered on the part of respondent, if any was offered, or, if none were offered, to make findings of fact upon the testimony before it. The court might not have been impressed with the testimony in support of the petition, and may not have felt justified in making findings of fact adverse to the respondent even though no testimony was offered on the part of respondent. But the rulings of the court in sustaining the motion must be considered in connection with the legal effect of the motion for nonsuit, and, considered in that light, the court was clearly wrong in granting the motion.

District courts are, and as a matter of necessity must be given a wide discretion in the conduct of estates, and should not be limited or restricted unnecessarily. We have, therefore, not deemed it necessary or desirable to express any opinion upon the legal questions discussed in the briefs of counsel, any more than we have thought it advisable to set out the testimony found in the record.

The district court indicated in its oral opinion that the proper remedy of the petitioners was under other sections of the statute. The court evidently referred to Comp. Laws Utah, 1917, §§ 7733, 7734. These sections relate to and provide a means whereby any person suspected of having wrongful possession of the effects of a deceased, or having under his control any such effects, may be required to appear and submit to an examination under oath touching such matters, and if, upon examination, it appears that any property is wrongfully withheld from the possession of the administrator, the court may order it delivered to him. Section 7734 provides that any person disobeying such order shall be guilty of contempt. Neither of these sections relates to or limits the duty of the court to revoke letters under section 7627 if the facts warrant such an order or duty on the part of the court.

The matter will be remanded to the district court, with directions to set aside its order dismissing the petition, and permit the petitioners, if they desire, to furnish additional proof and to hear any testimony offered by respondent, if any is offered, and thereupon make findings of fact and conclusions of law as in its judgment the testimony warrants. Costs of this appeal will be taxed against the estate.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.