In re YONK'S ESTATE.
KIDMAN et al. v. WATKINS.

No. 6998. Decided January 31, 1947. (176 P. 2d 876.)

See 33 C. J. S. Executors and Administrators, sec. 34; 21 Am. Jur. 413. Appointment of stranger as administrator, note, 80 A. L. R. 824.

*Preston & Harris,* of Logan, for appellant.

*Young & Bullen* and *L. E. Nelson,* all of Logan, for respondent.

PRATT, Justice.

May the court reject the agreement of the next of kin—the sole beneficiaries of the estate—as to who should be administrator, and appoint a man of his own selection?

This question comes before us upon a record and a bill of exceptions, which show an absence of any testimony on the conflicting desires of these next of kin, which desires were settled by the agreement in question.

The facts are not in dispute, and are as follows:

Charles Yonk died intestate July 6, 1946, at Logan, Utah, leaving no heirs other than twenty-four nephews and nieces who are entitled to share in the distribution of his estate, and who are hereinafter designated next of kin.

On July 12, 1946, three of the next of kin filed a petition for letters of administration, naming Alma Sonne of Logan as their choice for administrator. Mr. Sonne was not one of

the next of kin. This petition was noticed for hearing the 27th of July, 1946. Eight other next of kin united in this petition by instruments dated 13 July, but not filed until August 17, 1946.

On July 16, 1946, nine next of kin filed an "Answer and Cross Petition" requesting the appointment of Alfred Yonk, one of these petitioners, as administrator, and objecting to Mr. Sonne on the grounds that he was not one of the "next of kin," and therefore not entitled to serve. Three more next of kin, by letters addressed to the judge of the lower court, joined these nine in asking for the appointment of Alfred Yonk. This petition was noticed for August 10, 1946, for hearing. The hearing upon the original petition was continued to this date as well.

On August 17, 1946, two of the original petitioners, who sought the appointment of Mr. Sonne, filed a petition they designated "Cross-petition for Letters of Administration" calling attention to the fact that Alma Sonne would be unable to serve as administrator and retracted their original request, then requested the appointment of Merlin J. Cowley, one of these two petitioners, as administrator, and stating that he would be a better administrator than Alfred Yonk (the party named in the cross-petition filed July 16th) as he could collect the assets of the estate in a "more impartial" manner. This petition was noticed for hearing August 30, 1946, and all matters continued until then.

On August 17, 1946, Mr. Sonne's written consent to act as administrator was filed.

On August 28, 1946, a supplemental cross-petition was filed for letters of administration to be issued to William F. Kidman, one of the next of kin. This petition was joined in by seventeen of the next of kin, including those on other petitions, and was consented to by separate instruments of four other next of kin. This left three unaccounted for and of them, counsel for the petitioners said this:

"Mr. Perry: I believe, your Honor, all the people who have formed the petition are now joined in the petition. In addition to this, there have been some others come in, so now all but three out of twenty-

four have joined. They're making no objection. I want to file—that leaves three we haven't heard from. Two of those have already consented orally over the phone."

This statement was made at the opening of the hearing on August 30, 1946. No further pleadings had been filed by anyone, and no testimony was taken.

The lower court rejected the requests of the petitions including the last one, and refused to abide by counsels statements as quoted above. He rendered the following oral decision:

"The Court: Well, this is the time set for the hearing of this petition. And as I have gone through these files, there has been some jumping around here. There have been some on one petition, then some on another and back on another petition again. There is a petition, a cross-petition, and an objection, and these people are all within the same degree of relationship. I think, frankly, there's been more of a contest over who was going to act as attorney than there is who the administrator is going to be. But with the opposition that has been in these files, the Court will appoint its own administrator, and Joseph W. Watkins will act as administrator. The Court will appoint him, and he can appoint his own counsel and post a corporate surety bond in the sum of $13,000."

He also filed a "Memorandum and Order" along the same lines in which he emphasized the switching of the "heirs;" certain pressure (not shown by the record) that had been put on the "heirs;" and again spoke of it as a contest as to who would be the attorney. "For the best interests of the estate" he appointed Joseph H. Watkins.

This appeal by the next of kin followed.

There is no question but that some of the next of kin vacillated between petitions. This is not a case wherein an outsider petitioned for letters of administration. The appointee of the court is a stranger to the proceedings, and did not seek appointment, nor is his competency in question.

By section 102-4-3 of our Probate Code letters of administration must be granted to any interested party if preferred applicants have not filed their applications within three months after the death of the decedent. By section

102-4-1 next of kin are preferred applicants who, as against strangers, may request in writing that a person of their selection be appointed administrator. Section 102-4-2 provides among other things that:

"If a dispute arises as to relationship between applicants, or if there is any other good and sufficient reason, the court may appoint any competent person."

This court has held that the nominee of a preferred applicant if competent must be appointed administrator. *In re Johnson's Estate,* 84 Utah 168, 35 P. 2d 305.

All applications in this proceeding were filed within three months of the death of Charles Yonk, so no question has arisen as to the rights of a preferred applicant as against a stranger. Sec. 102-4-3. All applicants are "next of kin" (section 102-4-1) and are on an equal as to their rights of selection. No dispute has arisen as to the relationship of applicants. Section 102-4-2. Thus the question simmers down to one of whether or not there is a "good and sufficient reason" (section 102-4-2) for the appointment by the court of an administrator of his own selection.

We see none. The mere inability of the parties initially to join in a common petition for a common nominee shows nothing more than personal preferences. Nothing is alleged in the petitions that in any way shows irreconcilable conflicts of interest, nor is there anything that points to future difficulties, if the nominee is appointed by the court. His competency to act is not questioned. The fact that the parties did eventually get together is evidence that their differences were not serious. No evidence nor testimony was submitted to the contrary. No one appeared to contest the selection of the nominee at the hearing. The conclusions of the lower court advanced as his reason for selecting someone other than the nominee are not supported by the record.

Under the circumstances we see no reason for the rejection of the nominee of the next of kin, and in view of the fact that the nominee of preferred applicants should be given prefer-

ence over strangers, as indicated in the Johnson's Estate case cited the lower court was in error.

The case is remanded with direction to recall the letters issued to respondent and to issue letters of administration to William F. Kidman, the nominee of the next of kin. Costs to be borne by the estate.

McDONOUGH, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.