332 P.2d 670

In the Matter of the ESTATE of Hillard L. VOORHEES, deceased.

No. 8809.

Supreme Court of Utah.

Dec. 4, 1958.

232

Skeen, Worsley, Snow & Christensen, James A. Murphy, Salt Lake City, for appellant.

Nielsen & Conder, Salt Lake City, for respondent.

WADE, Justice.

This is an interlocutory appeal from an order appointing Tracy-Collins Trust Co. as administrator of the estate of Hillard. L. Voorhees to succeed Mrs. Pearl O. Voorhees, the widow of Hillard L. Voorhees who had been appointed administratrix of this estate and who had resigned as such administratrix. The resignation took place as the result of a petition brought by two daughters to have Mrs. Pearl O. Voorhees removed as such administratrix on the grounds that she had neglected the affairs of the Estate and also that she refused to account for certain property they claimed belonged to the Estate. In this petition the daughters requested that the Walker Bank and Trust Co. be appointed the successor administrator of the Estate.

On October 21, 1957, the date set for the hearing of the petition for revocation of letters of administration the counsel for the parties stipulated that Mrs. Pearl O. Voorhees would resign as administratrix and that the Walker Bank & Trust Co. be appointed as successor administrator. Upon this stipulation the court revoked Mrs. Voorhees' letters of administration and appointed the Walker Bank & Trust Co. as successor administrator. The court further ordered Mrs. Voorhees to file an account-

ing of the Estate's property within 20 days. At this hearing there was also an examination of Mrs. Voorhees for the purpose of discovering what properties belonged to the Estate and their locations. This examination revealed that Mrs. Voorhees was claiming considerable properties which had belonged to decedent the ownership of whch she claimed was transferred to her by decedent during his lifetime.

On December 6, 1957, the Walker Bank & Trust Co. filed its rejection of its appointment as successor administrator of the estate. On that same day the daughters filed a petition asking for the appointment of the Tracy-Collins Trust Co. as successor administrator and obtained an Order to Show Cause why Mrs. Voorhees should not be held in contempt of court for failing to comply with the court's order to file an accounting of the Estate and why she had not forfeited her right to serve or designate a successor. In her answer to this petition Mrs. Voorhees alleged that the accounting was not made within the time first ordered because the court had granted an extension of time within which to file such accounting and such time had not elapsed and further alleged that she had not waived or forfeited her right to designate a successor administrator and thereupon nominated the Walker Bank & Trust Co. to be her successor. The hearing on the Petition and Order to Show Cause was set for December 16, 1957, and on that date the Walker Bank & Trust Co. tendered to the court its Notice of Revocation of its previous rejection of its appointment as successor administrator and offered to accept the appointment and qualify. At the end of the hearing the court appointed Tracy-Collins Trust Co. the successor administrator and made findings of fact among which was one that Mrs. Voorhees had failed to properly administer the Estate and had failed to account for property which appeared to belong to it.

■ It is appellant's contention that under the provisions of Sections 75-4-1 and 75-6-3,[1] she as the surviving wife of de-

1. Section 75-4-1. "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof; and they are, respectively, entitled thereto in the following order: (1) The surviving husband or wife. (2) The children. (3) The father or mother. (4) The brothers or sisters. (5) The grandchildren. (6) The next of kin. Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled filed in the court."

Section 75-6-3. "In case of the removal, resignation or death of one of several executors or administrators, the court, if it deems it necessary, may appoint a successor, or may permit the remaining executor or executors, administrator or administrators, to complete the execution of the trust. In case of the death, resignation or removal of all, the court shall, upon notice, issue letters to the

234

cedent had the preferential right to nominate her successor and the court erred in refusing to appoint her nominee and appointing another instead. We agree.

Although the court made a finding that appellant had failed to properly administer the Estate and had failed to account for property which appeared to belong to it, the record discloses no basis upon which such a finding could be made. The court accepted the stipulation of counsel that appellant be allowed to resign. The examination of appellant which followed was merely for the purpose of discovery of properties which might belong to the Estate. When her resignation was accepted it was clearly understood that title to any of these properties could not be determined in the proceeding before the court. It was further understood that Mrs. Voorhees did not concede that she had improperly administered the estate or that the facts would justify her removal. In view of the acceptance of her resignation pursuant to a stipulation based on such an understanding the court could not thereafter properly make a finding that appellant had failed to account for properties belonging to the Estate or that she failed to properly administer the Estate. The facts in this case are therefore distinguishable from those in the

case of In re Robison's Estate, 59 Utah 431, 204 P. 321, wherein this court held evidence of adverse claims by an administrator could be sufficient cause for removal of such administrator. In the instant case appellant was not removed but her voluntary resignation was accepted. Under such circumstances there was no basis upon which she could be adjudicated incompetent to act as administratrix of the estate and her nominee should have been appointed in the absence of the showing of some good and sufficient reason to the contrary.[2]

Respondents contend that the Walker Bank & Trust Co. whom appellant has nominated to succeed her should not be appointed because the court found that its rejection of its previous appointment as administrator of the estate was based on a policy not to take affirmative steps to collect assets which might belong to estates where there is conflicting claims between heirs.

At the hearing for the appointment of the successor administrator the trust officer of the Walker Bank & Trust Co. testified that upon advice of counsel the bank would wherever it was possible avoid entering into litigation directly and would let the parties directly interested

person having a prior right thereto, or to any competent person named by the person having such prior right. But the will may provide for the filling of vacancies among the executors."

2. In re Johnson's Estate, 84 Utah 168, 35 P.2d 305; In re Yonk's Estate, 111 Utah 196, 176 P.2d 876; In re Martin Estates, 109 Utah 131, 166 P.2d 197.

bring their own actions. However, if it became necessary to institute suit to collect assets belonging to the estate it would do so. We can see no reason why such a policy should disqualify that bank from acting as administrator in view of the fact that the heirs can themselves sue for the recovery to the estate of any property belonging to decedent.

See Sec. 75–11–3, U.C.A.1953, which provides that:

> " * * * The heirs or devisees may alone, or jointly with the executor or administrator, maintain an action for the possession of the real estate or for the purpose of quieting title to the same, against anyone except the executor or administrator; * * *"[3]

The heirs may also themselves sue with respect to personal property where the administrator's interests are antagonistic to the heirs. See 21 Am.Jur., page 940, Sec. 1003, where it is stated:

> "Although ordinarily the administrator alone can sue with respect to the personal property of the decedent, heirs, next of kin, legatees, or distributees are allowed to maintain such actions in their own names, especially in equity, where the administrator is insolvent, where his interests are antagonistic to those of the heirs or next of kin, where he is guilty of fraud or collusion with the party to be sued, or where he is unwilling or fails or refuses to act, * * *"

See also Brothers v. Adams, 152 Kan. 675, 107 P.2d 757.

There being no good reason why appellant's nominee should not have been appointed this case is remanded with instructions to recall the letters of administration granted the Tracy-Collins Trust Co. as successor administrator with directions to appoint appellant's nominee.

No costs awarded.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.

3. Chamberlain v. Larsen, 83 Utah 420, 29 P.2d 355.